UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT
OCT 11 2024 1:28 P
U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO-CINCINNATI

RICHARD LASK,

    Plaintiff,

v.

RANDY Walters (Deputy Sheriff)
Adams County Courthouse
110 W. Main St., West Union OH.
45693

Samuel D. Purdin (Detective)
Adams County Courthouse
110 W. Main St., West Union, OH.
45693

Chandler Rule (Highway Patrolman)
Kansas Highway Patrol
3501 N.W. Highway 24, Topeka, KS
66618

David Kelly (Prosecutor)
Adams County Courthouse
112 Courthouse, 110 W. Main St. West Union, OH.
45693

Brett M. Spencer (Judge)
Adams County Courthouse
110 W. Main St., West Union, OH.
45693

Adams County Municipality
215 N. Cross Street Ste. 102
West Union, OH.
45693

    Defendants.

Case No. 1:24-cv-455

District Judge Jeffrey P. Hopkins
Magistrate Judge Elizabeth P. Deavers

AMENDED VERIFIED COMPLAINT WITH
JURY DEMAND

### Nature of the Action

1. This is a civil action brought under 42 U.S.C. section 1983 seeking both legal and equitable relief against Defendants for committing acts, under color of law, which deprived the Plaintiff of rights protected by the Constitution and laws of the United States relating to the Plaintiff's due process rights.

2. The Defendants prepared and presented false information concerning circumstances leading to Plaintiff's incarceration, and this false information

1.

was relied upon by the Ohio court system to deny Plaintiff his federal constitutional rights to due process.

### Parties

3. Plaintiff, Richard Lask, #A748-772, pro se is an inmate of the State of Ohio incarcerated at the North Central Correctional Complex. (NCCC)

4. Defendant Randy Walters is a Adams County Deputy Sheriff and a "person" for purposes of 42 U.S.C. section 1983. Defendant Walters is sued in his individual and official capacities.

5. Defendant Samuel (Sam) D. Purdin is a detective of the Adams County Sheriff's office and a "person" for purposes of 42 U.S.C. section 1983. Defendant Purdin is sued in his individual and official capacities.

6. Defendant Chandler Rule is a Kansas Highway Patrol Trooper and a "person" for purposes of 42 U.S.C. section 1983. Defendant Rule is sued in his individual and official capacities.

7. Defendant David kelly is an Adams County prosecuting attorney and a "person" for purposes of 42 U.S.C. section 1983. Defendant Kelly is sued in his individual and official capacities.

8. Defendant Brett Spencer is a Judge of Adams County Common Pleas Court and a "person" for purposes of 42 U.S.C. section 1983. Defendant Spencer is sued in his individual and official capacities.

9. Defendant Adams County Municipality is a "person" for purposes of 42 U.S.C. section 1983. Defendant Adams County Municipality is sued in its official capacity.

### Jurisdiction

10. This case arises under the United States Constitution and 42 U.S.C. section 1983.

11. This Court has jurisdiction in this matter pursuant to 28 U.S.C. section

1331 and section 1334(a)(3) which provides for 'federal question' jurisdiction and section 1332 which provides for diversity jurisdiction.

## Venue

12. Venue is proper under 42 U.S.C. section 1391(b) on the grounds that some or all of the conduct at issue took place in, and/or some or all of the Defendants reside in, the Souther District of Ohio, Eastern Division.

## Factual Allegations

13. On October 9, 2017 Plaintiff was investigated for "following too closely" in Kansas, by Kansas Highway Patrol Trooper Chandler Rule. The trooper issued no citations but drafted an email to be forwarded to Ohio law enforcement. Detective Sam Purdin of the Adams County Sheriff's office acted upon the email to investigate and initiated a traffic stop on the Plaintiff. The Plaintiff was arrested for OVI, but not asked to perform a chemical test. Detective Purdin obtained a search warrant based on the "email" from Kansas and marijuana recovered from a search of the Plaintiff's vehicle during an Ohio OVI arrest.

14. Plaintiff was subsequently not charged or issued a warrant for the OVI arrest in Ohio, though it was the underlying offense for the traffic-stop and an alleged "probable cause" for the "search and seizure" of Plaintiff's vehicle. The search and seizure uncovered two pounds of marijuana that lead to the search warrant as well as the email from Kansas. Plaintiff was later charged and a warrant issued on October 27, 2017, for possession of marijuana discovered in Plaintiff's truck and residence pursuant to the warrant.

15. A motion to supress hearing was held on March 7, 2018. The trial court issued a lengthy (13 page) decision with findings of facts and conclusions of law, on the motion to supress, in which it suppressed the Standardized Field Sobriety tests as unjustified, illegal and constitutionally prohibited from inception and therefore, must be supressed as fruits of the poisonous tree. The

trial court also supressed any and all statements made by Plaintiff after inception of said field sobriety tests as unconstitutional, but supressed no other evidence.

16. The Ohio Court of Appeals of the Fourth Appellate District determined that because Trooper Rule could not provide any specific and articulable facts which gave rise to a reasonable suspicion that (Lask) Plaintiff committed a traffic violation, the Court of Appeals held that the Kansas traffic stop subsequently violated his Fourth Amendment rights. Plaintiff requests that this court take judicial notice pursuant to Federal Rule of Evidence 201(C) and (D) of exhibit "E"- Decision/Judgment Entry, Fourth Appellate District, Ohio case no. 19CA1101, at para 21. The appellte court has already determined that Defendant Chandler Rule's Kansas traffic stop of Plaintiff as "unconstitutional at its inception. However, the Kansas Trooper did proceed to perform an exhaustive search of the vehicle and its contents. After an exhaustive encounter and illegal search, the Kansas Patrol officer caused an email to be sent to Ohio authorities.

17. The Ohio traffic stop conducted by defendant Detective Purdin began when Plaintiff was exiting Lask Lane and proceeded to turn onto Stanfield Road. Detective Purdin began to follow said red pickup truck. Detective Purdin alleged on route to State Route 41, the Plaintiff's vehicle allegedly failed to stop at the Stop sign, and later in due course the Detective allegedly observed the same vehicle failing to maintain lanes drifting across the double yellow line. Detective Purdin initiated a traffic stop and determined the driver to be Plaintiff Richard Lask. During the traffic stop, Detective Purdin alleged that Plaintiff's eyes were glassy, the Plaintiff allegedly had a strong odor of marijuana about his person coming from the vehicle, and the Plaintiff appeared nervous.

18. Prior to initiating the traffic stop, Det. Purdin called for Deputy Randy Walters to assist the detective at the traffic stop since Detective Purdin did

4.

not posses a citation traffic booklet. Upon approaching the driver of the truck, which turned out to be the Plaintiff, Detective Purdin spoke to him and explained the reason for the stop and went back to the car and waited for Deputy Walters to arrive. (See Sup. H. Tr. 100, Ln. 4-23) After Walters arrived, the illegal search and seizure and unlawful arrest occurred, which is the subject of this action.

### The Defendant's Actions

19. Upon information and belief, all defendants, acting under color of law through their positions in law enforcement, had personal knowledge concerning the facts and circumstances of the violation of Plaintiff Lask's Constitutional rights.

20. Defendants Purdin and Walters prepared reports about Plaintiff Lask that included inflamatory and false information. This false information included, but was not limited to, that Plaintiff Lask drove left of center failing to maintain a lane and operating a vehicle under the influence.

21. Defendants Purdin and Walters knew for certain that this inflamatory information was false. Defendantys Rule, Kelly and Spencer had reason to know that this information was false.21. All Defendants included the false information prepared by defendants in Lask's official arrest warrant, detective notes, investigative summaries and indictment.

22. This false information was highly prejudicial to Plaintiff Lask's opportunity to receive a fair trial.

23. Therefore, Plaintiff has been unlawfully incarcerated since 2017 and remains unlawfully incarcerated to date.

### Claim for Relief: Denial of Due Process

24. Plaintiff Lasks incorporates by reference the allegations set forth in paragraphs one through 23, above.

25. The Fourteenth Amendment of the United States Constitution prohibits depriving citizens of their liberty without due process of law.

5.

26. Plaintiff Lask has a liberty interest in not having false information knowingly and intentionally or with reckless disregard for the truth included in the prosecution of an alleged criminal offense.

27. Defendants Walters, Purdin, Rule, Kelly, Spencer and the Adams County Municipality, acting under the color of law, prepared and presented and prosecuted Plaintiff with false and prejudicial information concerning two illegal traffic stops which lead to the unlawful search and seizure of the controlled substance of marijuana. Even though accurate information was within their knowledge and possession, defendants proceeded to violate Plaintiff's civil rights and incarcerate him anyway.

28. Had defendants not provided false information to the prosecutors, fellow detective and judge, Plaintiff would have never been denied his life and liberty and resulted in his continued incarceration.

29. Plaintiff Lask has been damaged and suffers ongoing harm in the form of continued incarceration which would not have occurred but for defendants conduct that violated his due process rights.

30. As a result of all of the above listed defendants' actions, defendants are liable to Plaintiff for false imprisonment, malicious prosecution and a Franks violation. Defendants have violated Plaintiff's Fourth and Fourteenth Amendment rights under the color of law.

### PRAYER FOR RELIEF

Wherefore, Plaintiff Richard Lask demands judgment against defendants Randy Walters, Samued D. Purdin, Chandler Rule, David Kelly, Brett Spencer and the Adams County Municipality and request relief as follows:

a. Judgement against the defendants in an amount to be determined at trial as compensation for his extended incarceration during the period from 2017 to present and the date of his ultimate release.

b. Award of attorney fees in the event that this case proceeds to trial and counsel is retained:

c. Award of court costs and expenses; and

d. Such other and further relief which this Court deems just.

*Richard Lask*
Richard Lask

Sworn to before me and subscribed in my presence on this 2 day of October 2024.

*Melinda Taylor*
NOTARY PUBLIC

MELINDA TAYLOR
Notary Public
State of Ohio
My Comm. Expires
May 17, 2027

7.

Richard Lask #A248-722
North Central Correctional
Institution
P.O. Box 1812
Marion, Ohio 43302-1812

CERTIFIED MAIL
7020 0640 0001 8357 2092

US POSTAGE $012.96
CORRECTION ZIP 43302
10/07/2024
034A 0081801380

U.S. District Court
Southern District of Ohio
Office of the Clerk
Potter Stewart U.S. Courthouse
Room 103
100 East Fifth Street
Cincinnati, Ohio 45202

"Legal Mail"