IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD LASK, | : | |
| Plaintiff, | : | Case No. 1:24-cv-00455 |
| *vs.* | : | Judge Jeffrey P. Hopkins |
| RANDY WALTERS, *et al.*, | : | Mag. Judge Elizabeth Preston Deavers |
| Defendants. | : | **JURY DEMAND ENDORSED HEREON** |

### DEFENDANTS RANDY WALTERS, SAMUEL D. PURDIN, DAVID KELLEY, BRETT M. SPENCER, AND ADAMS COUNTY MUNICIPALITY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, DOC. # 7

Now come Defendants Randy Walters, Samuel D. Purdin, David Kelley, Judge Brett M. Spencer, and "Adams County Municipality" (hereinafter "Adams Defendants"), by and through counsel, and for their collective Answer to Plaintiff's Amended Complaint (Doc. # 7) state and aver as follows:

1. Responding to paragraphs 1 and 2 of Plaintiff's Amended Complaint, Adams Defendants deny the allegations set forth by Plaintiff.

2. Adams Defendants admit paragraph 3 of Plaintiff's Amended Complaint.

3. Responding to paragraph 4 of Plaintiff's Amended Complaint, Adams Defendants state and aver that Randy Walters is a former Adams County Sheriff's Deputy and that the remainder of said paragraph sets for legal conclusions to which no responsive pleading is required. To the extent the remainder of said paragraph is deemed to allege facts related to Adams Defendants, those are denied.

4. Responding to paragraph 5 of Plaintiff's Amended Complaint, Adams Defendants state and aver that Samuel D. Purdin is a former Adams County Sheriff's Deputy and that the

remainder of said paragraph sets for legal conclusions to which no responsive pleading is required. To the extent the remainder of said paragraph is deemed to allege facts related to Adams Defendants, those are denied.

5. Paragraph 6 of Plaintiff's Amended Complaint does not pertain to Adams Defendants, so no responsive pleading is required. To the extent said paragraph is deemed to allege facts related to Adams Defendants, those are denied.

6. Responding to paragraph 7 of Plaintiff's Amended Complaint, Adams Defendants state and aver that David Kelley is a former Adams County Prosecuting Attorney and that the remainder of said paragraph sets for legal conclusions to which no responsive pleading is required. To the extent the remainder of said paragraph is deemed to allege facts related to Adams Defendants, those are denied.

7. Responding to paragraph 8 of Plaintiff's Amended Complaint, Adams Defendants state and aver that Brett Spencer is a Judge for the Adams County Court of Common Pleas and that the remainder of said paragraph sets for legal conclusions to which no responsive pleading is required. To the extent the remainder of said paragraph is deemed to allege facts related to Adams Defendants, those are denied.

8. Responding to paragraph 9 of Plaintiff's Amended Complaint, Adams Defendants state and aver that there is not such entity known as "Adams County Municipality" and to the extent that Plaintiff is attempting to name "Adams County, Ohio" it is not sui juris. To the extent the remainder of said paragraph is deemed to allege facts related to Adams Defendants, those are denied.

9. Responding to paragraphs 10, 11, and 12 of Plaintiff's Amended Complaint, Adams Defendants state and aver that said paragraphs set for legal conclusions to which no responsive

pleading is required. To the extent said paragraphs are deemed to allege facts related to Adams Defendants, those are denied.

10. Responding to paragraphs 13, 14, and 15 of Plaintiff's Amended Complaint, Defendants state and aver that on October 27, 2017, an indictment against Plaintiff was filed in the Adams County Court of Common Pleas for felony possession of marijuana in an amount equal to or exceeding 40,000 grams. See Exhibit A, Indictment, attached hereto. Further responding to said paragraphs, Plaintiff's attorney in the underlying state criminal action sought to suppress certain evidence in the underlying criminal proceedings, upon which the Adams County Common Pleas Court issued a Judgement Entry on June 15, 2018.[1] See Exhibit B, Motion to Suppress, attached hereto. Further responding to said paragraphs, Plaintiff pleaded guilty to a felony charge of marijuana possession on November 5, 2018. See Exhibit C, Plea of Guilty, attached hereto. Further responding to said paragraphs, Plaintiff's attorney then requested that the Court permit Plaintiff to change his original guilty plea to a plea of "no contest" nearly one year later, on August 5, 2019. See Exhibit D, Brief In Support of Consent to Plead No Contest, attached hereto. Further responding to said paragraphs, the Adams County Court of Common Pleas then accepted

---

[1] Federal courts have permitted a certain amount of flexibility attends the determination of whether a matter falls "outside the pleading[s]." *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). In addition, the courts have "taken a liberal view of what falls within the pleadings for purposes of Rule 12(b)(6)." *Id*. Hence, documents attached to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." Weiner *v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997); *McGee v. Simon & Schuster Inc.*, 154 F. Supp. 2d 1308, 1311 n.3 (S.D. Ohio 2001). If extrinsic materials merely "fill in the contours and details of the plaintiff's complaint, and add nothing new," they may be considered without converting the motion to one for summary judgment. *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997); see also *Delahunt v. Cytodyne Tech.*, 241 F. Supp. 2d 827, 831-32 (S.D. Ohio 2003). Here, Plaintiff's Amended Complaint specifically references his criminal conviction, decisions of the trial court and court of appeals, and the case number associated with one of his appeals. See ¶ 16 of Plaintiff's Amended Complaint.

Plaintiff's Plea of No Contest in a filing dated August 14, 2019. See Exhibit E, Plea of No Contest, attached hereto. Adams Defendants deny the remaining allegations of said paragraphs.

11. Responding to paragraphs 16, 17, and 18 of Plaintiff's Amended Complaint, Defendants state and aver that Plaintiff then appealed his conviction following a no contest plea to the Fourth District Court of Appeals, which issued a Decision and Judgement Entry on March 6, 2020. See Exhibit F, Decision and Judgment Entry of the Fourth Appellate District, attached hereto. That decision partially sustained Plaintiff's first assignment of error, while finding that Plaintiff's Ohio traffic stop was valid and remaded the issue for proceedings. (*Id*., at ¶ 27). Further responding to said paragraphs, Defendants state and aver that, subsequent to remand by the Fourth District Court of Appeals, the underlying criminal proceedings held a hearing on June 8, 2020 for which a Judgment Entry was issued June 15, 2020. See Exhibit G, Judgment Entry of the Adams County Common Pleas Court, attached hereto. Thereafter, the Adams County Common Pleas Court found that the search warrant was issued upon probably cause and denied Mr. Lask's motion to suppress. (*Id*., at p. 5). Mr. Lask, through his attorney, again appealed the trial court's decision to allow evidence of the 40,000 grams of marijuana found at Mr. Lask's residence to the Fourth District Court of Appeals, which issued a decision on the second appeal on May 26. 2021. See Exhibit H, Second Decision and Judgment Entry of the Fourth Appellate District, attached hereto. In that decision, the Fourth District Court of Appeals specifically found that "Purdin had probable cause, independent of the unlawful Kansas traffic stop, to stop [Mr. Lask's] vehicle" and that the affidavit supplied by Defendant Purdin for the search warrant of Mr. Lask's home (where 40,000 grams of marijuana was found) contained "sufficient untainted evidence to establish probable cause to search [Mr. Lask's] residence for evidence of criminal activity. (*Id*., at ¶¶ 10 and 29). Adams Defendants deny the remaining allegations of said paragraphs.

12. Adams Defendants deny paragraphs 19, 20, 21, 22, 23, 24, 27, 28, 29, 30,

13. Responding to paragraphs 25 and 26 of Plaintiff's Amended Complaint, Adams Defendants state that said paragraphs set for legal conclusions to which no responsive pleading is required. To the extent said paragraphs are deemed to allege facts related to Adams Defendants, those are denied.

14. Adams Defendants deny all allegations not specifically admitted herein to be true.

**First Defense**

15. Plaintiff's summons is not sufficient.

**Second Defense**

16. Plaintiff failed to properly perfect service upon Adams Defendants.

**Third Defense**

17. Adams Defendants are entitled to immunity, including statutory, absolute, and qualified immunity, as well as immunity from punitive damages. This includes but is not limited to the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744 et. seq.

**Fourth Defense**

**18.** Plaintiff failed to mitigate his damages in whole or in part.

**Fifth Defense**

19. Plaintiff has failed to state a claim upon which relief may be granted.

**Sixth Defense**

20. Plaintiff's own contributory and/or comparative negligence, assumption of the risks and/or failure to conduct due diligence may have caused or contributed to cause the injuries and damages of which he complains.

5

**Seventh Defense**

21. All or some Adams Defendants are non sui juris.

**Eighth Defense**

22. Plaintiff's Complaint is barred by the equitable doctrines of waiver, estoppel, laches, release and/or unclean hands.

**Ninth Defense**

23. This Court lacks jurisdiction over some or all Defendants and/or lacks subject matter jurisdiction over all or some of Plaintiff's claims.

**Tenth Defense**

24. Some or all of Plaintiff's claims are barred by the applicable statute(s) of limitations.

**Eleventh Defense**

25. Plaintiff's claims are barred by the doctrine of unclean hands and/or his own criminal misconduct.

**Twelfth Defense**

26. Adams Defendants hereby reserve the right to assert any additional avoidance or defense for which discovery reveals a basis.

**Thirteenth Defense**

27. Plaintiff's claims are barred by the *Younger* Abstention Doctrine and/or the *Rooker-Feldman* Doctrine and/or other applicable abstention doctrine.

**Fourteenth Defense**

28. There has been a failure of service and failure of service of process.

**Fifteenth Defense**

29. Adams Defendants reserve the right to assert additional defenses identified during the course of discovery.

**WHEREFORE**, Adams Defendants ask the Court to deny all of Plaintiff's claims and requests for relief, dismiss this action and tax all costs of this case to Plaintiff.

Respectfully submitted,

/s/ Matthew S. Teetor
Matthew S. Teetor        (0087009)
DeGerald Edwards        (0102083)
TEETOR | WESTFALL
200 E. Campus View Blvd., Ste. 200
Columbus, Ohio 43235
(614) 412-4000 | Fax (614) 412-9012
email: mteetor@teetorlaw.com
         dedwards@teetorlaw.com
*Attorneys for Defendants*

**JURY DEMAND**

A trial by jury comprised of the maximum number of jurors permitted by law is hereby demanded.

/s/ Matthew S. Teetor
Matthew S. Teetor        (0087009)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 21, 2024, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system. A copy of this Notice was also sent via

U.S. mail, postage prepaid to:

Richard Lask
Inmate Number A748-772
North Central Correctional Institution
P.O. Box 1812
Marion, OH 43302
*Plaintiff Pro Se*

                                                /s/ Matthew S. Teetor
                                                Matthew S. Teetor        (0087009)