EXHIBIT D

## COURT OF COMMON PLEAS
## CRIMINAL DIVISION
## ADAMS COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO.: 20170139 |
| PLAINTIFF, | : | JUDGE: BRETT SPENCER |
| vs. | : | |
| RICHARD LASK, | : | **BRIEF IN SUPPORT OF** |
| | : | **CONSENT TO PLEAD NO CONTEST** |
| DEFENDANT. | : | |

Now comes the Defendant Richard Lask, by and through the undersigned counsel, and hereby respectfully requests this Court to grant consent to plead no contest.

Respectfully Submitted,

*(signature)*

Steven R. Adams (0052743)
The Law Office Of Steven R. Adams
Attorney for Defendant
8 West Ninth Street
Cincinnati, Ohio 45202
Telephone:   (513) 929-9333
Facsimile:   (513) 929-9337
Email:       steven@notguiltyadams.com

## I. Brief in Support

On November 5, 2018, Mr. Lask, the Defendant, appeared at a plea hearing in this matter. In the weeks prior to that date, Mr. Lask, through his attorney, and the prosecutor continued to engage in plea negotiations. (Tp. 5). Mr. Lask wished to accept a plea offer but was informed by the Court that the deadline to enter into a plea bargain agreement had expired pursuant to the Court's local rule, which reads: All plea bargain negotiations MUST be accomplished no less than three weeks prior to Trial, in order to determine whether or not a jury is to be called in. If no plea bargain is struck, the defendant must proceed to Trial or plead as charged. (Tp. 5; Rules of the Adams County Court of Common Pleas Rule 21 (E) (6) (emphasis in original)). In explaining the basis for the rule, the Court described the inconveniences jurors face with regard to employers, jobs, businesses, and seeing to the care of children and elderly during the juror's absence (Tp. 14).

Because the deadline had passed, the Court was justified in limiting Mr. Lask to choose between going to trial or pleading as charged. However, the rule does not stipulate that Mr. Lask must plead **guilty** as charged. It is within the Court's discretion to allow Mr. Lask to plead **no contest** as charged. Crim.R. 11(A). The Court was well aware that Mr. Lask wished to appeal the motion to suppress. (*See e.g.* Tp. 7, 11-12, 22, 23, 46, 48, 56, 68, 93). The Court conveyed its own belief that Mr. Lask would be allowed to appeal the motion to suppress when it stated, "I just want to make [sic] for the record I don't think a plea of guilt denies the defendant the right to appeal the decision of the Court on the motion to deny the motion to Suppress." (Tp. 23). Similarly, the prosecutor conveyed his belief that the right to appeal would be preserved despite the guilty plea and indicated no objection (Tp 22-23).

In due course, Mr. Lask entered a plea of guilty on the mistaken knowledge that his right to appeal the motion to suppress would be preserved. *State v. Lask*, 4th Dist. Adams No.

2

18CA1081, 2019-Ohio-2753, ¶ 14. The Court of Appeals found that Mr. Lask's right to appeal was not preserved by the plea of guilty and that the stipulation that the motion to suppress would remain appealable was ineffective *See Id* at ¶ 10. However, the Court of Appeals noted that "Ohio courts, including the Supreme Court of Ohio, 'have held that a plea is not entered knowingly and intelligently where it is premised on the mistaken impression that a trial court's decision is appealable.'" *Id* at ¶ 9. (internal citations omitted). Accordingly, the appellate court remanded to this Court to allow Lask to withdraw his guilty plea and enter a new plea in accordance with Crim.R. 11.

Under the Rule 11 of the Ohio Rules of Criminal Procedure, "A defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest." Accordingly, the Court has discretion to allow a plea of no contest.

Under Rule 12 of the Ohio Rules of Criminal Procedure, "A plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a motion to suppress evidence." However, a valid guilty plea generally waives the right to appeal a motion to suppress. *See* State v. Obermiller, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 56.

Therefore, Mr. Lask will only be allowed to appeal the motion to suppress if he proceeds to trial and is found guilty or if this Court gives its consent that Mr. Lask plead no contest. The Court has made clear its intention to preserve Mr. Lask's right to appeal. The State made no objection at the plea hearing and, in fact, supported a plea that would preserve Mr. Lask's right to appeal (Tp 22-23). In addition, the Court has expressed its sentiment that the time and resources of jurors are a priority. Presumably, the Court similarly prioritizes the time and resources of its staff, police and other witnesses, and the Court's docket. While the Court is not mandated to accept a plea of no contest, if it wishes to avoid a jury trial to reach an appealable

3

end, the Court is urged to exercise its discretion and grant consent that Mr. Lask be allowed plead no contest in this matter.

                Respectfully Submitted,

Steven R. Adams (0052743)
The Law Office Of Steven R. Adams
Attorney for Defendant
8 West Ninth Street
Cincinnati, Ohio 45202
Telephone:	(513) 929-9333
Facsimile:	(513) 929-9337
Email:	steven@notguiltyadams.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing BRIEF IN SUPPORT OF CONSENT TO PLEAD NO CONTEST was served upon the Adams County Prosecutor David Kelly on the _5th_ day of August, 2019.

Steven R. Adams (0052743)
Attorney for Defendant-Appellant