EXHIBIT E

IN THE COURT OF COMMON PLEAS
ADAMS COUNTY, OHIO

STATE OF OHIO

    Plaintiff

vs.

RICHARD LASK

    Defendant

CASE NO. 2017-0139

PLEA OF NO CONTEST

I withdraw my former not guilty plea and enter a plea of no contest to the following offense(s):

| Count/Specification | Offense/Specification | ORC Section | Level |
|---|---|---|---|
| Amended Count 1 | Possession of Marijuana | 2925.11(A) | F2 2925.11(C)(3)(f) |

**Maximum Penalty.** I understand that the maximum penalty as to each count is as follows:

| Count | Maximum Stated Prison Term | Maximum Fine | Mandatory Fine | Mandatory/ License Suspension | Prison Term is Mandatory | Prison Term Presumed Necessary |
|---|---|---|---|---|---|---|
| Amended Count 1 | 5 to 8 yrs. 2925.11(C)(3)(f) | $15,000 2929.18(A)(3)(b) | $7,500 2929.18(B)(1) | Optional 2925.11(E) Up to 5 yrs. | YES 2925.11(C)(3)(f) 5,6,7 or 8 yrs. Minimum Mandatory five (5) yrs. | N/A |

_____ If the Defendant is a professionally licensed person, the Court is required to immediately notify the licensure in compliance with R.C. 2925.38.

_____ Pursuant to R.C. §2953.08(D)(1) a sentence imposed upon a defendant is not subject to review if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

2017-0139

AUG 1 6 2019
J447 P 488

Prison terms for multiple charges, even if consecutive sentences are not mandatory, may be imposed consecutively by the Court.

Court costs, restitution and other financial sanctions including fines, day fines, and reimbursement for the cost of any sanctions may also be imposed.

I understand that if I am now on felony probation, parole, under a community control sanction, or under post release control from prison, this plea may result in revocation proceedings and any new sentence could be imposed consecutively. I know any prison term stated will be served without good time credit, if earned by Defendant pursuant to ORC 2967.193.

**Post Release Control.**

In addition, a period of supervision by the Adult Parole Authority after release from prison is ~~optional~~/mandatory in this case.

_____ If I am sentenced to prison for a felony 1 or a felony sex offense, I will have mandatory post release control of 5 years pursuant to R.C. 2967.28(B)(1).

Applies If I am sentenced to prison for a felony 2 that is not a felony sex offense, I will have mandatory post release control of 3 years pursuant to R.C. 2967.28(B)(2).

_____ If I am sentenced to prison for a felony 3 that is an offense of violence and is not a felony sex offense, I will have mandatory post release control of 3 years pursuant to R.C. 2967.28(B)(3).

_____ If I receive prison for a felony 3, 4, or 5, I may be given up to 3 years of post-release control pursuant to R.C. 2967.28(C)

A violation of any post-release control rule or condition can result in a more restrictive sanction while I am under post release control, and increased duration of supervision or control, up to the maximum term and re-imprisonment even though I have served the entire stated prison term imposed upon me by this Court for all offenses. If I violate conditions of supervision while under post release control, the Parole Board could return me to prison for up to nine months for each violation, for a total of ½ of my originally stated prison term. If the violation is a new felony, I could receive a prison term of the greater of one year or the time remaining on post release control, consecutive to and/or in addition to any other prison term imposed for the offense.

**Community Control.** If this Court is not required by law to impose a prison sanction, it may impose community control sanctions or non-prison sanctions upon me. I understand that if I violate the terms or conditions of a community control sanction, the Court may extend the time for which I am subject to this sanction up to a maximum of 5

2017-0139

J447P489

years, impose a more restrictive sanction, or imprison me for up to the maximum stated term allowed for the (offense/offenses) as set out above.

I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice and competence. I am not under the influence of drugs or alcohol. No threats have been made to me. No promises have been made except as part of this plea agreement stated entirely as follows:

The Defendant will plead no contest to Amended Count I of the Indictment, being Possession of Marijuana, in violation of Ohio Revised Code 2925.11(A) and 2925.11(C)(3)(f), to wit: more than 20,000 grams, but less than 40,000 grams, a felony of the second degree.

_X_ The parties agree and stipulate to the mandatory five (5) years incarceration in the Ohio Department of Rehabilitation and Correction.

____ The parties are free to argue sentencing to include penalty, fines, or forfeiture. Further, any contraband defined in Section R.C. 2901.01(13) shall be disposed of pursuant to R.C. 2981.12 and/or 2981.13.

I understand by pleading no contest I give up my right to a jury trial or court trial, where I could confront and have my attorney question witnesses against me, and where I could use the power of the court to call witnesses to testify for me. I know at trial I would not have to take the witness stand and could not be forced to testify against myself and that no one could comment if I chose not to testify. I understand I waive my right to have the prosecutor prove my guilt beyond a reasonable doubt on every element of each charge.

By pleading no contest, I am not contesting the facts that led to the commission of the offense and that the Court will find me guilty of this offense. I know the judge may either sentence me today or refer my case for a pre-sentence report. I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence. I understand the consequences of a conviction upon me if I am not a U.S. citizen. I enter this plea voluntarily.

_____
RICHARD LASK
Defendant    August 14, 2019

_____
STEVEN ADAMS
Attorney for Defendant

_____
Prosecuting Attorney
C. DAVID Kelly

2017-0139

J44NP490

## JUDGMENT ENTRY OF GUILTY

The Court finds that this day the defendant, in open court, was advised of all constitutional rights and made a knowing, intelligent, and voluntary waiver of those rights pursuant to Crim. R. 11. The plea ~~No Contest~~ is accepted and is ordered filed. The Court finds the defendant guilty of each offense to which defendant has entered this ~~No Contest~~ plea, being Possession of Marijuana, in an amount equaling or exceeding 20,000 grams but less than 40,000 grams, in violation of O.R.C. § 2925.11(A), a Felony of 2nd degree.

August 14, 2019
Date

JUDGE [signature]

2017-0139

J44npYa\