**EXHIBIT G**

IN THE COURT OF COMMON PLEAS
ADAMS COUNTY, OHIO

FILED
ADAMS COUNTY
CLERK OF COURTS
2020 JUN 15 PM 12:52

STATE OF OHIO,

    Plaintiff

vs.

RICHARD LASK

    Defendant

CASE NO. 2017-0139

CLERK

<u>JUDGMENT ENTRY</u>

This cause comes before the Court this 8th day of June 2020 upon remand from The Ohio Fourth District Court of Appeals (hereinafter "Court of Appeals) in <u>State v. Lask, 2020-Ohio-1037, 2020 Ohio App. LEXIS 966</u>. The Court of Appeals found that evidence from the Kansas traffic stop was illegal and inadmissible. The Court of Appeals further found evidence obtained during the Ohio traffic stop is admissible. The Court of Appeals remanded the case to the trial court directing the trial court specifically to *State v. Clary, 4th Dist. Lawrence No.96CA7, 1996 Ohio App. LEXIS 4408, 1996 WL 560522,* " If an affidavit supporting a search warrant contains illegally obtained information, the inclusion of the illegally obtained information does not taint the entire warrant if it is otherwise supported by probable cause. The affidavit is tested for probable cause without the illegally obtained information".

Present before the Court was the Defendant, Richard Lask, together with his attorney, Steven R. Adams. Also present on behalf of the State of Ohio, was Adams County Prosecuting Attorney David Kelley.

JUN 17 2019

JUU30197

1

The trial courts review is now controlled by the law of the case doctrine. Under the law of the case doctrine a trial court lacks jurisdiction to exceed the scope of an appellate court's remand. *See State v. Blevins, 4th Dist. Scioto No. 11CA3431, 2012-Ohio-573,* ¶ 6. The Court of Appeals directed the trial court to test the affidavit for probable cause without the illegally obtained information. i.e. removing any references to the Kansas illegal stop.

Excising all references to the Kansas stop; the remaining information is averred as follows:

2). The affiant further states on October 16, 2017, he went to the residence of Richard Lask. While in the area, the Affiant observed Richard Lask leaving his residence in a red Dodge Dakota truck. The Affiant observed the vehicle failed to stop at a stop sign located at the intersection of State Route 41 and Stanfield Road. The Affiant further observed the vehicle's brake lights were broken. Based on these observations, the Affiant conducted a traffic stop on the vehicle. The Affiant requested additional law enforcement units proceed to the scene to assist. As the Affiant approached the vehicle, he could detect a strong odor of marijuana emanating from the vehicle. The Affiant states he has been a Law Enforcement Officer for approximately 17 years and through his training and experience can positively identify the odor of marijuana. While speaking with Richard Lask, the Affiant observed his speech was slurred and his eyes were "bloodshot". Richard Lask admitted to the Affiant he had previously smoked marijuana. Deputy Walters arrived at the scene and conducted field sobriety tests on Richard Lask. Mr. Lask was determined to be driving a vehicle under the influence of drugs and/or alcohol and was placed under arrest. The Affiant further states an inventory search of Richard Lask's vehicle

2

J443P198

revealed approximately two (2) pounds of marijuana. Mr. Lask stated this marijuana was for his own personal use.

3). The Affiant further states he believes there is being concealed at the residence of Richard Lask; located at 202 Lask Lane, Manchester, Adams County, Ohio, and undetermined amount of marijuana and items used in the cultivation of marijuana. These beliefs are based on the Affiant observing Richard Lask leaving his residence just prior to being discovered with marijuana in his possession. Based on the amount of marijuana discovered inside Richard Lask's vehicle, the Affiant believes this is not for personal use and further criminal activity is being conducted inside Richard Lask's residence.

Determining whether a search warrant was issued upon probable cause reviewing courts must examine the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317. The duty of the reviewing court is simply to ensure the magistrate had a substantial basis for concluding that probable cause existed. Id. at 238. The Supreme Court concluded that the issuing magistrate's duty is to determine whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id.

The magistrate determines the sufficiency by evaluating only the facts alleged within the four corners of the affidavit and applying an objective reasonableness standard. *State v. Hobbs*, 2018-Ohio-4059, 2018 Ohio App. LEXIS 4389 citing *State v. Castagnola*, 145 Ohio St. 3d 1, 2015-Ohio-1565, 46

3

JUU3 P 199

N.E.3d 638 at ¶ 39, quoting *United States v. Richards, 659 F.3d 527, 559 (6th Cir. 2011)*.

The court makes the following findings upon examining the four corners of the affidavit:

> The Defendant was observed leaving his residence just prior to being stopped for a traffic violation and two (2) pounds of marijuana being discovered in his possession. Mr. Lask stated this marijuana was for his own personal use.
>
> Richard Lask's eyes were bloodshot and his speech was slurred. Richard Lask admitted he had previously smoked marijuana.
>
> Detective Purdin has been a Law Enforcement Officer for approximately 17 years and has training and experience involving marijuana. Detective Purdin averred that based on the amount of marijuana discovered inside Richard Lask's vehicle that he, Detective Purdin, believed that the marijuana was not for personal use.

Reviewing the totality of the circumstances within the four corners of the affidavit the court finds that:
the **short amount of time** between law enforcement seeing the vehicle leave the Defendant's residence and the subsequent traffic stop where the defendant was found in possession of two (2) pounds of marijuana, the defendant's admissions to that he had previously smoked marijuana; the defendant's statement that the two (2) pounds of marijuana was for his personal use; Detective Purdin's

4

approximately 17 years and has training and experience involving marijuana and Detective Purdin's belief that the amount of marijuana found, two (2) pounds, that the marijuana was not for personal use; establish a nexus between the place to be searched and items to be seized and thus **provided the issuing magistrate a substantial basis for concluding that probable cause existed in issuing the search warrant and that there is a fair probability that contraband or evidence of a crime will be found in the Defendant's residence.**

An affidavit submitted in support of a search warrant enjoys a presumption of validity. *State v. Johnson, Highland App. No. 06CA36, 2007 Ohio 4158* citing *State v. Jones (2000), 90 Ohio St.3d 403, 412, 2000 Ohio 187, 739 N.E.2d 300; State v. Ralston, Ross App. No. 06CA2898, 2007 Ohio 177, at P23*. When conducting a review of an affidavit, trial and appellate courts must afford great deference to the magistrate's probable cause determination and doubtful or marginal cases should be resolved in favor of upholding the warrant. *Johnson* supra citing *George,* at paragraph two of the syllabus; *also see State v. Sheppard (1998), 84 Ohio St.3d 230, 236, 1998 Ohio 323, 703 N.E.2d 286; State v. Kinney (1998), 83 Ohio St.3d 85, 96, 1998 Ohio 425, 698 N.E.2d 49.*

The term "great deference" although not defined legally, is unambiguous. In its simplest form a court must give intensity considerably above the normal or average consideration to the issuing magistrate's probable cause determination resolving doubtful or marginal case in favor of upholding the warrant.

Therefore, the Court finds upon remand, the search warrant was issued upon probable cause and the Defendant's Motion to Suppress is not well-taken.

5

J4W3 P201

It is therefore the **ORDER** of the Court that the Motion to Suppress is hereby **denied**. The court's sentencing entry of September 6, 2019 is in full force and effect. The defendant's prior appeal bond is hereby continued until an appeal is effectuated or when the time to appeal this ruling expires.

The Court hereby notes the Defendant's objections.

Approved: June 16, 2020

BRETT M. SPENCER, JUDGE

To the CLERKS:

Please copy the following:
1) Steven R. Adams, Esq. / counsel for Defendant
2) Defendant, Richard Cask
3) Adams County Prosecutor's office, attn. R. Davis Kiely
4) Honorable Roy Gabbert, JR