UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RICHARD LASK | : | Case No. 1:24-cv-00455-JPH-EPD |
| | : | |
| Plaintiff, | : | JUDGE JEFFERY P. HOPKINS |
| | : | |
| v. | : | MAGISTRATE ELIZABETH P. |
| | : | DEAVERS |
| RANDY WALTERS, et al. | : | |
| | : | **DEFENDANT HON. BRETT** |
| Defendants. | : | **SPENCER'S MOTION TO DISMISS** |
| | : | **AND MEMORANDUM IN** |
| | : | **SUPPORT** |

Comes now Defendant, the Honorable Judge Brett Spencer, by and through counsel, and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiff Richard Lask's claims against him. This motion is supported by the attached memorandum.

Respectfully submitted,

MONTGOMERY JONSON LLP

***/s/ Cooper D. Bowen***
COOPER D. BOWEN (0093054)
BRIAN T. SMITH (0102169)
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
cbowen@mojolaw.com / 513.768.5242
bsmith@mojolaw.com / 513.381.9279

*Counsel for Defendant Judge Brett Spencer*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RICHARD LASK | : | Case No. 1:24-cv-00455-JPH-EPD |
| | : | |
| Plaintiff, | : | JUDGE JEFFERY P. HOPKINS |
| | : | |
| v. | : | MAGISTRATE ELIZABETH P. |
| | : | DEAVERS |
| RANDY WALTERS, et al. | : | |
| | : | **MEMORANDUM IN SUPPORT OF** |
| Defendants. | : | **DEFENDANT HON. BRETT** |
| | : | **SPENCER'S MOTION TO DISMISS** |

## I.    <u>Introduction</u>

Plaintiff Richard Lask ("Lask") brings claims against Adams County Common Pleas Judge Brett Spencer ("Judge Spencer"), Adams County Municipality, Adams County Deputy Sheriff Randy Walters, Adams County Prosecuting Attorney David Kelley, Kansas Highway Patrol Trooper Chandler Rule and Samuel D. Purdin. Lask's claims appear to stem from a criminal action in the Adams County Court of Common Pleas – Case No. CRI20170139 (the "Underlying Case") – over which Judge Spencer presided. A true and accurate copy of the docket in Case No. CRI20170139 is attached hereto as Exhibit A.[1]

In his Amended Complaint, Lask generally alleges that the defendants violated his rights under the Constitution, resulting in his continued incarceration. With regard to Judge Spencer, Lask alleges that the Judge took part in prosecuting him using false and prejudicial information concerning two traffic stops. Lask seeks compensatory damages, attorney fees and costs.

---

[1] "The court is entitled to take judicial notice of facts appearing on a state court online docket." *Lynch v. Leis*, 382 F. 3d 642, 647, n.5 (6th Cir. 2004).

## II.    <u>Analysis</u>

Rule 12 of the Federal Rules of Civil Procedure authorizes this Court to dismiss claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012), citing *Harbin-Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir. 2005). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.,* quoting Fed. R. Civ. P. 8(a)(2). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.,* quoting *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed. 2d 1081 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

It is well-settled that a document filed *pro se* is "to be liberally construed" and that a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson,* 551 U.S. at 94, quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976). The Sixth Circuit has also recognized, however, that this liberal construction does not come at the expense of "abrogat[ing] basic pleading essentials in *pro se* suits." *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989) (citations omitted).

For the following reasons, Lask's claims against Judge Spencer should be dismissed.

### A.    Under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to review Lask's claims against Judge Spencer to the

**extent he is challenging judicial determinations previously made by the Judge.**

As stated by the Sixth Circuit, "[t]he *Rooker-Feldman* doctrine prevents a federal district from exercising jurisdiction over a claim alleging error in a state court decision. Federal courts have no jurisdiction over challenges to state court decisions, even if the challenges allege that the state court [actors] acted unconstitutionally." *Luber v. Sprague,* 90 Fed. Appx. 908, 910 (6th Cir. 2004)*(internal citation omitted).* In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280 (2005), the U.S. Supreme Court held "the *Rooker-Feldman* doctrine…is confined to cases brought by state-court losers complaining of injuries cause by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284.

Here, the Amended Complaint takes issue with Judge Spencer's decisions made in the Underlying Case. The *Rooker-Feldman* doctrine precludes the federal district court from evaluating such claims, premised on and intertwined with state court proceedings, even where the claims are couched in constitutional terms:

> The Sixth Circuit Court of Appeals has explained that under the *Rooker-Feldman* doctrine, a federal district court lacks subject matter jurisdiction to…evaluate constitutional claims that are inextricably intertwined with a state court's decision rendered in a judicial proceeding. Further, the Sixth Circuit has stated that a party cannot escape *Rooker-Feldman* by raising a new constitutional theory in federal court unless the party lacks a realistic opportunity to fully litigate the constitutional claim in the state court proceeding.

*Watterson v. Milligan*, S.D. Ohio No. 2:06-cv-809, 2006 U.S. Dist. LEXIS 72183 at *8-9 (Oct. 3, 2006) (dismissing complaint). The *Rooker-Feldman* doctrine applies to both

interlocutory orders and judgments of lower state courts. *Pieper v. Am. Arbitration Ass'n,* 336 F.3d 458, fn. 5 (6th Cir. 2003).

In the case *sub judice*, Lask's claims against Judge Spencer are entirely based on criticism of decisions made and/or orders entered in the Underlying Case. Like the plaintiff in *Watterson*, Lask's constitutional claims are "inextricably intertwined" with the state court case, and he has not and cannot demonstrate he lacked a meaningful opportunity to litigate those claims in the state courts.

To the extent Lask essentially seeks for this Court to apply appellate jurisdiction over the state court proceedings, the *Rooker-Feldman* doctrine precludes this Court from exercising jurisdiction over this matter, and Lask's claims against Judge Spencer must be dismissed.

**B.    Judge Spencer is entitled to judicial immunity from civil liability.**

It has long been established that judges are absolutely immune from individual liability for monetary relief for the performance of any "judicial act" unless there is a "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978); *King v. Love*, 766 F.2d 962, 966-67 (6th Cir.), *cert. denied*, 474 U.S. 971 (1985). This immunity will be lost only where a judge "knows he lacks jurisdiction, or acts in the face of clearly valid statutes or case law expressly depriving him of jurisdiction[.]" *Schorle v. Greenhills*, 524 F. Supp. 821, 828 (S.D. Ohio 1981). Such far-reaching protection is justified by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability. *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (*quoting Antoine v. Byers & Anderson*, 508 U.S. 429, 435 (1993)).

The Supreme Court and Sixth Circuit have renewed their support for an expansive reading of absolute judicial immunity. *See, Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286, 288-89 (1991) (immunity applicable to claims that a judge ordered court officers to use excessive force to drag an attorney into his courtroom); *Cooper v. Parrish,* 203 F.3d 937, 945-46 (6th Cir. 2000) (immunity applicable to claims a judge improperly engaged in *ex parte* contact with prosecutors and gave them legal advice on how to improve their case); *Barnes,*105 F.3d 1111 (immunity applicable to claims that a judge aided prosecutors in the preparation of a complaint against a criminal defendant in his courtroom). Thus, as one court noted, the "law has been settled for centuries that a judge may not be attacked for exercising his judicial authority, even if done improperly."[2] *Dean v. Shirer*, 547 F.2d 227, 230-32 (4th Cir. 1976), *citing Mullins v. Oakley*, 437 F.2d 1217, 1218 (4th Cir. 1971) (immunity applies to a judge's utterance of vile and slanderous statements to an attorney). The courts have further unequivocally held judicial immunity extends to claims a judge conspired with others to deprive a plaintiff of his property and rights. *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986); *Billingsley v. Kyser*, 691 F.2d 388, 389 (8th Cir. 1982).

Judge Spencer's immunity can only be overcome in two situations:

1. If he was acting in the complete absence of all jurisdiction, or

2. If his challenged actions were non-judicial.

---

[2] Judicial immunity extends to cases in which judges acted maliciously (*e.g., Pierson v. Ray*, 386 U.S. 547, 554 (1967)). It extends to cases in which a trial judge altered a transcript (*e.g., Eades v. Sterlinske*, 810 F.2d 723 (7th Cir.), *cert. denied*, 484 U.S. 847 (1987)); set allegedly inappropriate bond amounts (*King*, 766 F.2d at 968); failed to conduct a speedy trial (*Smith v. Martin*, 542 F.2d 688, 690 (6th Cir. 1976), *cert. denied*, 431 U.S. 905 (1977)); maliciously and for improper reasons initiated criminal proceedings against a person before him (*Harris v. Deveaux*, 780 F.2d 911, 915 (11th Cir. 1986)); and ordered a person detained for mental examination (*Turney v. O'Toole*, 898 F.2d 1470 (10th Cir. 1990)). The courts have unequivocally held judicial immunity extends to claims a judge conspired with others to deprive a plaintiff of his property and rights. *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986); *Billingsley v. Kyser*, 691 F.2d 388, 389 (8th Cir. 1982).

*Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116.

### 1. Judge Spencer's acts were within the general power of the court.

As long as Judge Spencer was acting within his jurisdiction, he is immune.

In *Stump,* the United States Supreme Court held a judge is subject to liability only if he acted in the clear absence of *all jurisdiction*. *Stump, supra,* at 356-57. And the scope of . . . [a] judge's jurisdiction must be construed broadly where the issue is . . . immunity . . ." *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994), *quoting Stump at* 356. Even "[w]here a court has *some* subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Depiero v. City of Macedonia,* 180 F.3d 770, 785 (6th Cir. 1999) (*citing Adams v. McIlhany*, 764 F.2d 294, 298 (5th Cir. 1985)). The court in *Doe v. McFaul*, 599 F. Supp. 1421, 1431 (D. Ohio 1984) added:

> [A] judicial officer does not act in the clear absence of all jurisdiction if he merely acts in excess of his authority . . .. The Supreme Court has held, for instance, that if a judicial officer exceeds his authority in a type of case that he normally has jurisdiction to hear, the officer has not acted in the clear absence of all jurisdiction.

*See also Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984).

The distinction between acts performed in *excess* of jurisdiction and those done in the absence of *all* jurisdiction is this: A judge acts in excess of jurisdiction but indeed has jurisdiction for immunity purposes if the act complained of is within his general power of jurisdiction but is not authorized because of certain circumstances. *Duty*, 42 F.3d at 462.

Lask presents no allegations that Judge Spencer acted without jurisdiction. Moreover, there is no question that Judge Spencer had jurisdiction to preside over the Underlying Case, under O.R.C. § 2931.03 (Criminal jurisdiction - common pleas courts).

7

Even if Judge Spencer somehow exceeded his jurisdiction, "any error in the exercise of [a court's] jurisdiction renders the court's judgment voidable, not void," and a voidable judgment generally "may be set aside only if successfully challenged on direct appeal." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26.

Judge Spencer was therefore clearly acting within his jurisdiction by presiding over the Underlying Case. This matter is not appropriate for challenging that jurisdiction, and his immunity cannot be contested on this basis.

### 2. Judge Spencer's acts were quintessentially judicial.

The remaining inquiry, then, is whether Judge Spencer's actions were "judicial acts," and thus protected by his immunity. A "judicial act" has been defined as a function normally performed by a judge in a situation where the parties have dealt with the judge in a judicial capacity. *Stump*, 435 U.S. at 362*; King v. Love*, 766 F.2d 962 (6th Cir. 1985). Lask does not allege he dealt with Judge Spencer in any capacity other than acting as a common pleas judge. His only claims relate to the Judge's decisions in the Underlying Case. Ruling within cases is a quintessentially judicial function. *See Armatas v. Chryssa*, 2020 U.S. Dist. LEXIS 249475, *23 (N.D. Ohio 2020), citing *Cummings v. Powell*, 2015 U.S. Dist. LEXIS 106516, 2015 WL 4872978, at *2 (M.D.N.C. Aug. 13, 2015) ("Ruling on a motion constitutes the quintessential judicial act to which judicial immunity applies").

Because Judge Spencer's decisions in the Underlying Case were within the jurisdiction of the Adams County Common Pleas Court and the acts upon which the Amended Complaint is based were judicial in nature, Judge Spencer is entitled to absolute judicial immunity.

### C. The Amended Complaint is insufficient and fails to state a claim

**for which relief may be granted.**

Finally, Lask's Amended Complaint is simply insufficient, which is a question of law. *Dugan v. Brooks*, 818 F.2d 513, 516 (6th Cir. 1987). In reviewing the sufficiency of a complaint, this Court's task is limited: to determine whether plaintiff is entitled to offer evidence to support his claim. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). This Court does not have to accept as true Lask's legal conclusions or unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While courts can treat *pro se* litigants more liberally, they "are not wholly exempt from pleading requirements," and courts "may not fill in missing allegations." *Lucas v. Chalk*, 785 F. App'x 288, 290 (6th Cir. 2019).

Lask alleges that Judge Spencer and the other defendants violated his rights secured by the United States Constitution. Constitutional claims against public officials arise under 42 U.S.C. § 1983, and to recover under § 1983, a plaintiff must plead and prove two essential elements: that he was denied a right secured by the Constitution or the laws of the United States, and that the deprivation was permitted by one acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990), *quoting West v. Atkins*, 487 U.S. 42, 48 (1988). As these and other cases make abundantly clear, the plaintiff must have been actually deprived of a federally protected right.

Although Lask claims violations of his civil rights, he does not actually allege Judge Spencer deprived him, or any other person, of a federally protected right. Instead, he alleges Judge Spencer improperly ruled on one or more underlying issues: this does not constitute a cognizable deprivation of a federal right. As the Sixth Circuit has explained:

9

> An incorrect decision by the Ohio court does not constitute a deprivation of due process of law that the federal courts must redress. The proper course to correct a mistake is by appeal. It is only the claim that Ohio's procedures do not allow a vindication of plaintiffs' rights that states a cognizable due process violation.

*Agg v. Flanagan*, 855 F.2d 336, 339 (6th Cir. 1988).

Simply put, Lask's Amended Complaint does not allege facts which could reasonably be construed to state a claim for relief under the Constitution; he merely states these claims solely as legal conclusions. See *Meyers v. Mitrovich*, N.D. Ohio No. 1:14CV1604, 2015 U.S. Dist. LEXIS 11350, at *28-29 (Jan. 30, 2015). Although the standard of review of *pro se* pleadings is liberal, "it requires more than bare assertions of legal conclusions." *Id*. at *29, citing *Bassett v. NCAA*, 528 F.3d 426, 437 (6th Cir. 2008). Therefore, Lask's claims against Judge Spencer must be dismissed for failure to state a claim upon which relief can be granted.

## III. <u>Conclusion</u>

For the foregoing reasons, the Honorable Judge Brett Spencer respectfully requests all claims against him be dismissed, with prejudice.

Respectfully submitted,

MONTGOMERY JONSON LLP

**/s/ Cooper D. Bowen**
COOPER D. BOWEN (0093054)
BRIAN T. SMITH (0102169)
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
cbowen@mojolaw.com / 513.768.5242
bsmith@mojolaw.com / 513.381.9279

*Counsel for Defendant Judge Brett Spencer*

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2024, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I also certify that the foregoing was served by Ordinary U.S. Mail upon the following:

Richard Lask
A748-772
North Central Correctional Institution
P.O. Box 1812
Marion, OH 43302

*/s/ Cooper D. Bowen*
COOPER D. BOWEN (0093054)