IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD LASK, | : | |
| Plaintiff, | : | Case No. 1:24-cv-00455 |
| *vs.* | : | Judge Jeffrey P. Hopkins |
| RANDY WALTERS, *et al.*, | : | Mag. Judge Elizabeth Preston Deavers |
| Defendants. | : | |

## DEFENDANTS RANDY WALTERS, SAMUEL D. PURDIN, DAVID KELLEY, AND ADAMS COUNTY MUNICIPALITY'S MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Fed. R. Civ. P. 12(c), Defendants Randy Walters, Samuel D. Purdin, David Kelley, and Adams County Municipality (hereinafter "Adams County Defendants") move for judgment on the pleadings for the following reasons: (1) Plaintiff's claims are barred by Ohio's two-year statute of limitations; (2) Plaintiff's federal district court review is barred by the *Rooker-Feldman* Doctrine; (3) Defendants are entitled to immunity in their individual capacities; (4) Adams County Municipality is not sui juris; and (5) Plaintiff fails to state a *Monell* claim against Adams County Municipality.

A Memorandum in Support follows below.

Respectfully submitted,

/s/ Matthew S. Teetor
Matthew S. Teetor           (0087009)
E-mail: mteetor@teetorlaw.com
DeGerald L. Edwards         (0102083)
E-mail: dedwards@teetorlaw.com
**TEETOR WESTFALL, LLC**
200 E. Campus View Blvd., Suite 200
Columbus, OH 43235
Tel: (614) 412-4000 | Fax (614) 412-9012
*Attorneys for Defendants Randy Walters, Samuel D. Purdin, David Kelley, and Adams County Municipality*

**MEMORANDUM IN SUPPORT**

I.     **FACTS RELEVANT TO THIS MOTION**

In or around October 2017, a Kansas State Trooper sent an email to Adams County Sheriff's Detective Samuel Purdin about a traffic stop involving Plaintiff. Amended Complaint, ECF No. 7 at Ex. F ¶ 13. Detective Purdin saw a pickup truck driving nearby and followed it. *Id.*, at ¶ 17. The driver of the truck failed to stop at a stop sign, failed to maintain his lane, and drifted across a double yellow line. *Id*.

Detective Purdin stopped the truck and found Plaintiff to be the driver. *Id*. Detective Purdin smelled an odor of marijuana coming from Plaintiff's truck and observed signs of his impairment. *Id*. Adams County Sheriff's Deputy Randy Walters responded to assist. *Id*. at ¶ 18. The deputies found two pounds of marijuana in Plaintiff's truck and arrested him for OVI. *Id*. at ¶ 14. Detective Purdin obtained a search warrant for Plaintiff's home based on the email he received, and the marijuana recovered. *Id*.

On October 27, 2017, a grand jury indicted Plaintiff for possession of marijuana in an amount equal to or exceeding 40,000 grams. Answer, ECF No. 8 at Ex. A.[1] Plaintiff's attorney sought to suppress certain evidence against him. *Id*. at Ex. B. Plaintiff pled no contest. *Id*. at Ex. C, E.[2] Plaintiff appealed his conviction to the Ohio Fourth District Court of Appeals. Am. Compl., ECF No. 7 at ¶ 16.

---

[1] Federal courts have permitted a certain amount of flexibility attends the determination of whether a matter falls "outside the pleading[s]." *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). In addition, the courts have "taken a liberal view of what falls within the pleadings for purposes of Rule 12(b)(6)." *Id*. Hence, documents attached to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997); *McGee v. Simon & Schuster Inc.*, 154 F. Supp. 2d 1308, 1311 n.3 (S.D. Ohio 2001). If extrinsic materials merely "fill in the contours and details of the plaintiff's complaint, and add nothing new," they may be considered
without converting the motion to one for summary judgment. *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997); *see also Delahunt v. Cytodyne Tech.*, 241 F. Supp. 2d 827, 831-32 (S.D. Ohio 2003). Here, Plaintiff's Amended Complaint specifically references his criminal conviction, decisions of the trial court and court of appeals, and the case number associated with one of his appeals. *See* ¶ 16 of Plaintiff's Amended Complaint.
[2] Id.

On March 6, 2020, the Fourth District Court of Appeals held the Kansas traffic stop violated the fourth amendment and any evidence from it was inadmissible in the Ohio trial. Answer, ECF No. 8 at Ex. F ¶¶ 21-23. However, the appellate court determined there was independent probable cause for the Ohio traffic stop and evidence obtained from it was admissible. *Id*. at ¶¶ 24-25. The appellate court remanded the case back to the trial court to consider this. *Id*.

The trial court held a suppression hearing regarding the search warrant. Answer, ECF No. 8 at Ex. G. The trial court found there was probable cause for the search warrant and denied the motion to suppress. *Id*. at Ex. G 4-6. Plaintiff appealed. *Id*. at Ex. H. On May 26, 2021, the Fourth District rendered its second decision. *Id*. at Ex. H ¶¶ 29-30. It specifically found that Detective Purdin had independent probable cause to stop Plaintiff's vehicle in Ohio, and the affidavit Detective Purdin used for the search warrant contained "sufficient untainted evidence to establish probable cause to search [Mr. Lask's] residence for evidence of criminal activity." *Id*. at Ex. H ¶¶ 10, 29.

On August 27, 2024, Plaintiff filed his original complaint nearly five years after the Ohio traffic stop and search of his home. *See* Compl., ECF No. 1   Plaintiff filed his amended and operative complaint on October 11, 2024 – more than five years after the Ohio traffic stop and search of his home. *See* Am. Compl., ECF No. 7.

**II.     LAW AND ARGUMENT**

    **A.     PLAINTIFF'S CLAIMS AGAINST ADAMS COUNTY DEFENDANTS ARE BARRED BY OHIO'S TWO-YEAR STATUTE OF LIMITATIONS.**

Ohio's two-year statute of limitations for personal injury claims determines the applicable statute of limitations period for Plaintiff's § 1983 claims. See e.g., *Heid v. Warden*, No. 23-3367, 2024 U.S. App. LEXIS 6922, at *4 (6th Cir. Mar. 21, 2024). Plaintiff's cause of action began to accrue when he knew or had reason to know that the Adams County Defendants allegedly violated

3

his civil rights. *Id*. Relevant here is that all criminal proceedings against Plaintiff concluded in long ago - - in 2021. *See* Answer, ECF No. Ex. H. This is well after the initial traffic stop by Defendants Randy Walters and Samuel Purdin, and the subsequent search of Plaintiff's home. See Am. Compl., ECF No. 7 at ¶ 14 and PageID 387, generally. Plaintiff did not file his initial nor his amended complaint until August and October 2024, respectively. Compl., ECF No. 1; Am. Compl., ECF No. 7. As a matter of law, Plaintiff's claims cannot proceed because they are untimely even if the criminal proceedings had tolled the applicable statute of limitations.

To the extent Plaintiff properly states any claim against Adams County Defendants, his claims are barred by the statute of limitations. No further consideration should be given, and the complaint against all Adams County Defendants should be dismissed.

**B. PLAINTIFF'S CLAIMS AGAINST ADAMS COUNTY DEFENDANTS CANNOT BE REVIEWED BY THIS COURT UNDER THE *ROOKER-FELDMAN* DOCTRINE.**

Under the *Rooker-Feldman* doctrine, this Court may not consider "'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Larry E. Parrish, P.C. v. Bennett*, 989 F.3d 452, 455-456 (6th Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). It is not the function of federal district courts to correct state court judgments. *Id*. The *Rooker-Feldman* abstention doctrine applies if the source of Plaintiff's injuries is the state-court judgment itself. *Id*.

At least a portion of Plaintiff's alleged injuries stem from the state court allowing certain evidence against him at trial in Ohio. Am. Compl., ECF No. 7 at PageID 389-390. Plaintiff alleges that Defendants Purdin and Walters prepared false and inflammatory reports about him, and that Defendants Kelley and Spencer had reason to know this. *Id*. This is like the argument that the appellant made in *Parrish*. See *Parrish*, 989 F.3d. at 455-46. But just as in *Parrish*, Plaintiff is

4

only seeking another round of state appellate review in disguise. *Id*. Defendant Judge Spencer raises the same *Rooker-Feldman* argument in his separate motion to dismiss. Def. Spencer's Mot. to Dismiss, ECF No. 12 at PageID 477-479.

Moreover, Plaintiff twice appealed the evidence was deemed admissible against him at his Ohio trial. Answer, ECF No. 8 Ex. F and H. The Fourth District Court of Appeals properly excluded certain evidence obtained from the traffic stop in Kansas, but found the evidence from the Ohio traffic stop and search warrant were admissible. Answer, ECF No. 8 at Ex. F ¶¶ 24-25, Ex. H ¶¶ 29-30.

Plaintiff cannot overcome Defendants' statute of limitations defense. To the extent this Court grants Plaintiff leave to move forward, *Rooker-Feldman* precludes the appellate review he seeks. All claims against Adams County Defendants should be dismissed.

### C. PLAINTIFF CANNOT STATE A CLAIM AGAINST ADAMS COUNTY DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES BECAUSE THEY ARE ENTITLED TO IMMUNITY.

#### 1. Defendants Randy Walters And Samuel Purdin Are Entitled To Qualified Immunity.

Qualified immunity protects Defendants Randy Walters and Samuel Purdin from civil liability if their conduct does not violate a clearly established constitutional or statutory right of which a reasonable person would have known. *Bauman v. Millisor*, No. 21-1527, 2022 U.S. App. LEXIS 349, at *6-7 (6th Cir. Jan. 4, 2022). A two-step analysis is used to determine if they are entitled to qualified immunity. *Id*. The court looks at (1) if there was a constitutional violation when construing the facts most favorable to plaintiff, and (2) if so, was plaintiff's right clearly established at the time of the violation. *Id*. The Court may consider the steps in either order and "[i]f the court concludes that no constitutional violation has occurred, there is no need to address whether the alleged right was clearly established." *Id*. quoting *Kinlin v. Kline*, 749 F.3d 573, 577

(6th Cir. 2014). Plaintiff bears the burden of showing that Defendants Walters and Purdin are not entitled to qualified immunity when the defense is raised. *Id*. Plaintiff cannot meet this burden.

Defendant Purdin had probable cause to believe Plaintiff committed a traffic violation and was under the influence. Am. Compl., ECF No. 7 at PageID 388. The resulting traffic stop does not violate the Fourth Amendment, and Detective Purdin's subjective intent is irrelevant. *United States v. Lott*, 954 F.3d 919, 922 (6th Cir. 2020) ("[S]o long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resultant stop is not unlawful and does not violate the Fourth Amendment." * ** "When a traffic stop is supported by probable cause, an officer's subjective intent is irrelevant.") (citing *United States v. Davis*, 430 F.3d 345, 352 (6th Cir. 2005) and *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008)). Moreover, the trial court's determination that Defendant Purdin had probable cause to search Plaintiff's car after smelling marijuana was not raised on appeal. Answer, ECF No. 8 at Ex. F ¶ 25. Based on the totality of the circumstances, the deputies had probable cause to arrest Plaintiff for OVI.

Defendant Purdin's use of the marijuana from the stop to obtain a search warrant was also proper. Officers are generally shielded from liability under § 1983 when relying upon a facially valid search warrant unless the Plaintiff shows the warrant was premised on the officer making knowing or reckless false statements to obtain the warrant, and the false statement was material to the determination of probable cause. *Marvaso v. Sanchez*, No. 23-1329, 2024 U.S. App. LEXIS 21418, at *11-12 (6th Cir. Aug. 23, 2024). "There is no constitutional violation—and a law enforcement official is thus entitled to qualified immunity—'if probable cause exists absent the false statement, or if probable cause exists despite the inclusion of the omitted statement[s].'" *Marvaso v. Sanchez*, No. 23-1329, 2024 U.S. App. LEXIS 21418, at *11-12 (6th Cir. Aug. 23, 2024) (quoting *Schumacher*, 611 F. App'x at 340).

6

Here, the trial court found that even though the deputy used improper information as part of his basis to obtain the search warrant, there was sufficient probable cause outside of that to render the warrant valid. See Answer, ECF. No. 8, at Ex. G. In other words, the information from the Kansas stop was not material to the determination of probable cause for the warrant. The deputies had just discovered two pounds of marijuana Plaintiff's car which was probable cause enough on its own. See Am. Compl., ECF No. 7, at PageID 387. Along with the traffic stop itself was sufficient to issue the search warrant. Answer, ECF No. at Ex. H ¶¶ 25-29. Because the trial court found there was probable cause for the traffic stop, the arrest, and search warrant, there is no constitutional violation. Specifically, Plaintiff's claims for false arrest, and the *Franks* violation fail as a matter of law. Plaintiff cannot state a § 1983 claim without a constitutional violation. Defendants Walters and Purdin are entitled to immunity and should be dismissed.

## 2. Defendant Prosecutor David Kelley Is Entitled To Prosecutorial Immunity.

A prosecutor is entitled to prosecutorial immunity when the plaintiff's alleged injuries relate to the prosecutor's role in the judicial proceedings. *Webb v. Greene Cty. Sheriff's Office*, 494 F. Supp. 2d 779, 790 (S.D. Ohio 2006). Prosecutorial immunity represents the norm. *Id*. The question then is whether the prosecutor can show he was acting as advocate when he performed the actions plaintiff complained about. *Id*.

There is no question Defendant Kelley was acting as an advocate for the state when he prosecuted Plaintiff. Plaintiff concedes as much when he alleges that Defendant Kelley maliciously prosecuted him. Am. Compl., ECF No. 7 at PageID 389-390. Plaintiff's claims regarding former Prosecuting Attorney Kelley are without merit and fail as a matter of law.

Defendant Kelley is entitled to absolute prosecutorial immunity for any reliance on information stemming from Plaintiff's Kansas traffic stop and/or Plaintiff's Ohio traffic stop.

Moreover, Plaintiff does not allege that the Kansas traffic influenced Defendant Kelley in any way to prosecute Plaintiff. *Id.* Plaintiff was still convicted even after the Fourth District ruled that the information from Kansas was inadmissible. Second, Plaintiff cannot state a claim for malicious prosecution against Defendant Kelley because probable cause existed for Plaintiff's felony arrest and subsequent prosecution. A grand jury returned an indictment for the 40,000 grams of marijuana found in his home. Answer, ECF No. 8 at Ex. A. Equally important, the case was not resolved in Plaintiff's favor. *See* Am. Compl., ECF No. 7.

Defendant Kelley is entitled to absolute prosecutorial immunity and all claims against him should be dismissed.

        **D.** **PLAINTIFF CANNOT STATE A CLAIM AGAINST DEFENDANT ADAMS COUNTY MUNICIPALITY BECAUSE IT IS NOT SUI JURIS.**

It is unclear from both Plaintiff's original and amended complaints whether Plaintiff seeks to assert a claim against Adams County, Ohio, or its board of commissioners. Regardless, "Adams County Municipality" is not an entity cable of being sued. Plaintiff's claims against "Adams County Municipality" should be dismissed.

Pursuant to Fed. R. Civ. P. 17(b)(3), Ohio law controls when determining if Adams County Municipality is sui juris. *See Sullivan v. Hamilton Cty. Court of Common Pleas*, No. 23-3734, 2024 U.S. App. LEXIS 18747, at *8 (6th Cir. July 29, 2024). Under Ohio law, a county may be sued when it has adopted a charter or alternative form of government (see R.C. § 301.22) or through its board of commissioners (see R.C. § 305.12). See *Black v. Hamilton County Public Defender Commission*, 2013 WL 684394 at * 4 (S.D. Ohio, Feb.25, 2013) (citing *Williams v. Warren County*, Ohio, 2011 WL 1980015, at *7 (S.D. Ohio Mar.4, 2011) adopted by *Williams v. Warren County*, 2011 WL 1980204 (S.D. Ohio May 20, 2011)). Interpreting this legal principle, numerous Ohio courts have found that counties and county agencies are not sui juris, and that a lawsuit must be

8

brought against either the county commissioners in their official capacity or against the board that oversees a particular county agency to pursue remedy for a governmental entity's alleged violation of an individual's rights. See e.g. *Marin v. Cleveland Clinic*, 2010 WL 359699 at *4 (N.D. Ohio, 2010) (finding Cuyahoga County Job and Family Services is not sui juris and that "[c]ounties may be held accountable through their elected representatives; i.e. their commissioners"); *Low v. Hamilton County Dep't of Job and Family Servs.*, 2008 U.S. Dist. Lexis 24029, 2008 WL 816669, at *2 (S.D. Ohio, 2008) (finding Hamilton County Job and Family Services is not sui juris); *Black v. Hamilton County Pub.*, 2013 U.S. Dist. Lexis 25386, 2013 WL 684394 at * 4 (S.D. Ohio, 2013) (finding that "Hamilton County" is not sui juris); and *Wade v. Bethesda Hospital*, 356 F. Supp. 380, 70 Ohio Op. 2d 218, 1973 U.S. Dist. LEXIS 14530 (S.D. Ohio, 1973).

Here, Plaintiff has named "Adams County Municipality" as a party to these proceedings. The entity identified by Plaintiff in this matter is *non sui juris* because Ohio law requires that county agencies to be held accountable through the elected officials or the boards that oversee those respective agencies. Ohio law requires that a county itself be held accountable through the elected officials or the board that oversees it. Accordingly, "Adams County Municipality" is not a proper Defendant and should be dismissed from these proceedings

### E. **PLAINTIFF FAILS TO PLEAD A *MONELL* CLAIM AGAINST ADAMS COUNTY MUNICIPALITY.**

Plaintiff is *pro se* and is entitled to a more liberal construction of his complaint but not a more lenient treatment of substantive law. *Layne v. Thouroughman*, No. 1:23-cv-702, 2024 U.S. Dist. LEXIS 109341, at *8 (S.D.Ohio June 20, 2024). Thus, "[t]to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim

need not contain "detailed factual allegations" but must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Given the liberal construction of his Complaint, this Court may find that Plaintiff's error in naming the "Adams County Municipality" is not dispositive of his claims against a public entity.

Even if Plaintiff properly named the "Adams County Municipality" entity that he intends to sue (and assuming his claims are not time-barred as set forth above), Plaintiff fails to state a claim against any entity, including the "Adams County Municipality." A municipality can only be liable under § 1983 within the confines of *Monell*. "A municipality cannot be held liable under § 1983 simply because it employs a tortfeasor, nor can it be liable "for an injury inflicted solely by its employees or agents." *Kovalchuk v. City of Decherd*, 95 F.4th 1035, 1038 (6th Cir. 2024) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). The public entity can only be liable for its own wrongdoing. *Id*. A claim against a municipal employee in his official capacity is a claim against the municipality. *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985).

To state a *Monell* claim against "Adams County Municipality," Plaintiff must sufficiently allege the employee's constitutional violation was directly caused by a policy or custom of "Adams County Municipality." *Id.* Plaintiff must allege there was: (1) an existence of an illegal policy or legislative enactment by "Adams County Municipality"; (2) an official with final decision-making authority ratified illegal actions, (3) "Adams County Municipality" had a policy of inadequate training or supervision, or (4) "Adams County Municipality" tolerated or acquiesced to his federal rights violations. *Id*.

Plaintiff does not allege any of these. *See* Am. Compl., ECF No. 7. In fact, Plaintiff's Complaint fails to allege any actions taken by or policies or legislative enactments of the "Adams

10

County Municipality" whatsoever. *Id*. Plaintiff only alleges the "Adams County Municipality" is liable because it employed alleged wrongdoers. *Id*. *Monell* prohibits this. *Kovalchuk*, 95 F.4th at 1038. To the extent "Adams County Municipality" can even be deemed sui juris, it should still be dismissed from these proceedings.

### III.     SUMMARY AND CONCLUSION

As a matter of law, Plaintiff's claims are barred by Ohio's two-year statute of limitations. Plaintiff's alleged began to accrue in 2017. Even if it is assumed that all of his claims were tolled until the criminal proceedings against him concluded, those proceedings concluded in 2021. Thus, Plaintiff had to bring his claims in or before 2023. He did not file his initial complaint until August 2024, well beyond the two-year statute of limitations period. Moreover, Plaintiff failed to state a claim against Defendants Randy Walters, Samuel D. Purdin, and David Kelley. No constitutional violation occurred and they are entitled to immunity. Lasty, Defendant "Adams County Municipality" is not sui juris and, even if it were capable of being sued, it cannot be liable to Plaintiff simply for an alleged wrongdoing of an employee.

For the foregoing reasons, the Adams County Defendants respectfully request this Court GRANT their Motion for Judgment on the Pleadings and dismiss the complaint against them.

Respectfully submitted,

/s/ Matthew S. Teetor
Matthew S. Teetor          (0087009)
E-mail: mteetor@teetorlaw.com
DeGerald L. Edwards       (0102083)
E-mail: dedwards@teetorlaw.com
**TEETOR WESTFALL, LLC**
200 E. Campus View Blvd., Suite 200
Columbus, OH 43235
Tel: (614) 412-4000 | Fax (614) 412-9012
*Attorneys for Defendants Randy Walters, Samuel D. Purdin, David Kelley, and Adams County Municipality*

11

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2024, a copy of the foregoing was filed electronically via the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

A copy was also sent via U.S. mail, postage prepaid to:

Richard Lask
Inmate Number A748-772
North Central Correctional Institution
P.O. Box 1812
Marion, Ohio 43302
*Plaintiff Pro Se*

/s/ Matthew S. Teetor
Matthew S. Teetor          (0087009)
