IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION



FILED
RICHARD W. NAGEL
CLERK OF COURT

JAN 21 2025 2:44 P

U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO-CINCINNATI

| | | |
|---|---|---|
| RICHARD LASK, | : | Case No. 1:24-cv-00455 |
| Plaintiff, | : | |
| | : | Judge Jeffery P. Hopkins |
| vs. | : | Magistrate Judge Elizabeth P. Deavers |
| RANDY WALTERS, et al., | : | |
| Defendants. | : | |
| | : | |

### MOTION FOR LEAVE OF COURT TO WITHDRAW COMPLAINT WITHOUT PREJUDICE AND STAY ALL OTHER ORDER'S PENDING RESOLUTION

Now comes Plaintiff, Richard Lask, pro se, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and respectfully moves this Court for leave of granting a withdrawal of his Complaint without prejudice. The Plaintiff avers that this Motion has been well considered and weighed all of his alternatives with the reluctance that Plaintiff wishes he could continue prosecuting the viable claims now before this Honorable Court. A memorandum in support is attached hereto.

Respectfully submitted,

*Richard Lask*
Richard Lask #A748-772
North Central Correctional Institution
P.O. Box 1812
Marion, OH 43302-1812
Plaintiff, pro se

MEMORANDUM IN SUPPORT

I. STANDARD OF LAW

A. Rule 41

Rule 41(a)(2) of the Federal Rules of Civil Procedure states:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before [*4] being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Brown v. City of Chattanooga, 2024 U.S. Dist. Lexis 215180 at [*4].

"[T]he purpose of Rule 41(a)(2) is to protect the nonmovant . . . from unfair treatment." Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948, 953 (6th Cir. 2009). "The Court must consider whether the nonmovant 'would suffer plain legal prejudice' as the result of a dismissal without prejudice." Sohi v. Diversified Adjustment Serv., Inc., No. 1:15-CV-563, 2016 U.S. Dist. Lexis 61941, 2016 WL 2745298, at *2(S.D. Ohio May 10, 2016)(quoting Jones v. W. Rsrv. transit Auth., 455 F. App'x 640, 643 (6th Cir. 2012)). The Court must also consider: (1) the nonmovant's "effort and expense of preparation for trial," (2) "excessive delay and lack and lack of diligence on the part of the [movant] in prosecuting the action," (3) "insufficient explanation for the need to take a dismissal," and (4) "whether a motion for summary judgment has been filed by the [non-movant]." Bridgeport, 583 F. 3d at 953(quoting Grover By Grover v. Eli Lilly and Co., 33 F. 3d 716, 718 (6th Cir. 1994)). "The mere possibility that the non-movant would face a second lawsuit is an insufficient basis for finding" dismissal under Rule 41(a)(2) unwarranted. Sohi, 2016 U.S. Dist. Lexis 61941, 2016 WL 27452-98 at *2(citing Jones, 455 F. App'x at 643). "A Rule 41 (a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the [non-movant] may suffer from a dismissal without prejudice." Id. at 954 (citations omitted). The Court may require the movant to pay a non-movant's costs, but this is not required under Rule 41 (a)(2). See id.

2.

B.  42 U.S.C. § 1988

Pursuant to 42 U.S.C. § 1988(b), "in any action to enforce a provision of" § 1988, 'the Court, in its discretion, may allow the prevailing party" a "reasonable attorney's fee as part of the costs." Recovery under this statute is the default for a prevailing § 1983 plaintiff; the United States Supreme Court has directed that a "prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)(internal quotation marks and citations omitted). However, a prevailing party can be either a Defendant or a Plaintiff. Christiansburg Garment Co. v. EEOC, 434 U.S. 412,420, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978)(holding that § 1988 authorizes a fee award to a prevailing defendant, who should also be protected "from burdensome litigation having no legal or factual basis"). Under §1988, "[a] prevailing defendant should only recover upon a finding by the District Court that the Plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Wolfe v. Perry, 412 F. 3d 707, 720 (6th Cir. 2005)(quoting Wayne v. Village of Sebring, 36 F. 3d 517, 530 )6th Cir. 1994)). Additionally, § 1988 does not allow for the recovery of attorney fees related to state-law claims. Ash v. Bezotte, No. 10-11875, 2013 U.S. Dist. Lexis 126427, 2013 WL 4777176, at *3 (E.D. Mich. Sept. 5, 2013).

In adjudicating a defendant's or plaintiff's request for attorney fees pursuant to § 1988, the Court should determine whether: (1) the defendant or plaintiff is a "prevailing party"; (2) the plaintiff's action was frivolous, unreasonable, or without foundation; (3) the compensation sought is reasonable, as assessed by the lodestar method; and (4) there are any exceptional considerations requiring an upward or downward adjustment. See Hensley, 461 U.S. at 433-34; Wolfe, 412 F. 3d 707, at 720.

3.

Plaintiff asserts that his suit is premised upon the recent precedent rendered by the Supreme Court of the United States in Chiaverini v. City of Napoleon, 219 L. Ed. 2d 262, 2024 U.S. Lexis 2710, 144 S. Ct. 1745, 2024 WL 3056034, April 15, 2024, Argued; June 20, 2024 Decided No. 23-50. HOLDINGS: [1]- When a government official brought multiple charges, only one of which lacked probable cause, the valid charges did not insulate the official from a Fourth Amendment malicious-prosecution claim per 42 U.S.C.C. § 1983 relating to the invalid charge. The valid charges did not create a categorical bar.

The Supreme Court went on to state: "Under the Fourth Amendment, a pretrial detention counts as an unreasonable seizure, and so is illegal, unless it is based on probable cause. See Manuel v. Joliet, 580 U.S. 357, at 364-369, 137 S. Ct. 911, 197 L. Ed. 2d 312. Even when a detention is justified at the outset, moreover, it may become unreasonably prolonged if the reason for it lapes. Rodriguez v. United States, 575 U.S. 348, 354-357, 135 S. Ct. 1609, 191 L. Ed. 2d 492. So if an invalid charge causes a detention to start or continue, then the Fourth Amendment is violated. Bringing the invalid charge alongside a valid one does not categorically preclude this possibility. As the stakest possible example, consider a person detained on a drug offense supported by probable cause and a gun offense that is not. If the prosecutor drops the (valid) drug charge, leaving the person in jail on the (invalid) gun charge alone, then the baseless charge has caused a constitutional violation by unreasonably extending the detention. The person should not be categorically barred from bringing a Fourth Amendment malicious-prosecution claim just because the baseless charge was brought along with a good one.

The same conclusion follows from the common-law principles governing malicious-prosecution suits. This Court has anaogized claims like Chiaverini's to the common-law tort of malicious prosecution, and has explained that the tort can inform court's understanding of this type of claim. Thompson v. Clark, 596 U.S. 36, 43-44, 142 S. Ct. 1332, 212 L. Ed. 2d 382. A plaintiff bringing a common-law malicious-prosecution suit had to show that an official initiated a charge without probable cause.

4.

But he did not have to show that every charge brought against him lacked an adequate basis. See, e.g., Barron v. Mason, 31 Vt. 189, 198 (it was no "defen[s]e that there was probable cause for part of the prosecution").

These uncontested points suffice to doom the Sixth Circuit's rule barring a Fourth Amendment malicious-prosecution claim if any charge is valid. Of course, a Fourth Amendment malicious-prosecution suit depends not just on an unsupported charge, but on that charge's causing a seizure -- like the arrest and three-day detention here. The parties and amicus curiae offer three different views of how that causation element is met when a valid charge is also in the picture. But this issue is not properly before the Court, so the Sixth Circuit should address it on remand. Pp. 4-8. See Hickel v. Westover, 2024 U.S. Dist. Lexis 147576, Chiaverini clearly marks "an intervening change in controlling law," Am. Civil Liberties Union v. McCreary Cty., 607 F. 3d 439, 450 (6th Cir. 2010), insofar as it expressly rejected a principal of law previously espoused by the Sixth Circuit on which this court relied in its initial ruling in dismissing the malicious prosecution claim. In light of this sea change, in the Sixth Circuit at least, a fresh look at the validity of the plaintiff's malicious prosecution claim is warranted. As set forth herein, the court will vacate in part the previous Memorandum and Order and will reinstate that claim.

Plaintiff asserts that his seizure for allegedly "running a stop sign", "driving left-to-center in a lane violation", and ultimate "false-arrest for O.V.I.", and "ten-day detention" in Plaintiff's case without probable cause, from October 16, 2017 through October 27, 2017, without formal charges (Compl. attachment No.#5 Exhibit - "C" Criminal Docket Entry CR20170139) gave rise to the claims before this Court in prosecuting a malicious-prosecution against the Defendants. Plaintiff avers his intent to file an Amended Motion for Leave to Amend his Complaint would include additional claims to support his malicious-prosecution, such as "false-arrest", "false-imprisonment", "Franks violations on the Affidavit for Search Warrant" and knowingly and intentionally, or with reckless disregard for the truth, "sought an

5.

Indictment premised off of "false information, omissions, misrepresentations, and outright lies." Plaintiff's numerous attachment's of "exhibit's" validate the very factual basis in the law that negates any of Plaintiff's actions being deem frivolous, unreasonable, or without foundation, nor brought in bad faith.

C.   STATE LAW CONTROLS WHETHER AN ARREST IS VALID

I.   The law of the state where the arrest occurred controls whether the arrest is valid. Ker v. California, 374 U.S. 23, 37, 83 S. Ct. 1623, 10 L. Ed. 2d 726 (1963). In Ohio, there are no common-law crimes. R.C.§ 2901.03(A); State v. Gardner, 118 Ohio St. 3d 420, 2008-Ohio-2787, 889 N.E. 2d 995, 2008 Ohio Lexis 1619, [*P31](HN1); Arkron v. Rowland(1993), 67 Ohio St. 3d 374,383, 1993 Ohio 222, 618 N.E. 2d 138, fn. 4; State v. Cimpritz (1953), 158 Ohio St. 490, 49 Ohio Op. 418, 110 N.E. 2d 416, paragraph two of the syllabus ("The elements necessary to constitute a crime must be gathered wholly from the statute"). The Ohio Constitution guarantees that every defendant has the right to know "the nature and cause of his physical arrest and accusation against him." Section 10, Article I of the Ohio Constitution. Ohio courts have consistently held that the complaint must state all of the essential elements of the offense or it is invalid. State v. Crimpritz, supra. Based on Ohio Traf. R. 3 as follows:

> Traf.R.3(A) Traffic complaint and summons. In traffic cases, the complaint and summons shall be the "Ohio Uniform Traffic Ticket" as set out in the Appendix of Forms.
>
> "(C) Use of ticket [:] The Uniform Traffic Ticket shall be used in all moving traffic cases *** Any ticket properly issued to a law enforcement officer shall be accepted for filing and disposition in any court having jurisdiction over the offense alleged. *** An officer who completes a ticket at the scene of an alleged offense shall not be required to re-write or type a new complaint as a condition of filing the ticket, unless the original complaint is illegible or does not state an offense. If a new complaint is executed, a copy shall be served upon defendant as soon as possible."
>
> "(E) Duty of law enforcement officer [:] A law enforcement officer who issues a ticket shall complete and sign the ticket, serve a copy of the completed ticket upon defendant, and, without unnecessary delay, file the court copy with the court.***"

In order to convict Mr. Lask under R.C.§ 4511.19(A) the OVI statute, the State had to prove that (1) the Plaintiff operated a vehicle (2) within the state (3) while under the influence of a drug of abuse or alcohol. Ohio Revised Code § 45-11.19(A)(1). Plaintiff argues demonstratively it is impossible since he was never "charged with OVI, running a stop sign, or a lane violation, infact, Mr. Lask was never even charged with any (crime) traffic offenses which was the underlying offense and reason for the stop apart from the Kansas email. According to R.C. § 2935.03(A)(1). The law permits an officer to arrest and detain an individual "until a warrant can be obtained." State v. Brown, 115 Ohio St. 3d 55, 2007-Ohio-4837,¶66, 873 N.E. 2d 858. Following the arrest, the officer:

> must take the individual before a court or magistrate having jurisdiction of the offense and file or cause to be filed an affidavit describing the offense for which the individual was arrested. R.C. § 2935.05; [Crim.R.] 4(A). "All further detention and further proceedings shall be pursuant to such affidavit * * * and warrant." R.C. § 2935.08.

1993 Ohio Atty. Gen. Ops. No. 93-003, 1993 WL349780, *1. "The plan language of R.C. §2935.08 and [Crim.R. 4] discloses that the General Assembly and the Ohio Supreme Court intended that individuals arrested without a warrant receive a post arrest determination to ascertain whether the arresting officer had probable - cause to make the arrest." 1991 Ohio Atty. Gen. Ops. No. 91-047, 1991 WL576728, *3. Thus, a warrantless arrest based upon probable cause is a temporary measure, not an exception that abdicates the warrant requirement. See Brown at ¶66. See also State v.Hobbs, 133 Ohio St. 3d 43, 2012-Ohio3886, ¶10, 975 N.E. 2d 965,quoting Johnson v. United States, 333 U.S. 10, 14, 68 S. Ct. 367, 92 L. Ed. 436 (1948). The Supreme Court of Ohio has defined the elements necessary for a lawful arrest in State v. Baker (1978), 53 Ohio St. 2d 135. According to paragraph one of the court's syllabus, the following are necessary for a person to be under arrest:

> "*** (1) An intent to arrest, (2) under real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested."

7.

The common conception of an arrest, like the technical definition, comprehends the formal charging with crime. United States v. Bonanno, 180 F. Supp. 71 HN3. Due process requires that the state establish beyond a reasonable doubt every fact necessary to constitute the crime charged. In re Winship (1970), 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368. For onstance, due process forbids the state to criminalize conduct "in terms so vague that people of common intelligence would be relegated to different guesses about its meaning." Schad, 501 U.S. at 632, 111 S. Ct. 2491, 115 L. Ed. 2d 555. Based on the Plaintiff's wrongful arrest and post pretrial detention for ten (10) days without a probable cause or bail hearing after being arrested for OVI, pursuant to the Supreme Court's articulation in Mabuel v. City of Joliet, 137 S. Ct. 911, 918-19, 197 L. Ed. 2d 312 (2017). In Manuel, the Court held that "pretrial detention can violate the Fourth Amendment not only when it precedes, but also when it follows, the start of legal process in a criminal case." Id. at 918. The Court reasoned that "[t]he Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause" which can occur (like in Mr. Lask's instant case) after falsely being arrested for OVI, but can also continue if "legal process itself goes wrong-when, for example, a judge's probable-cause determination is predicated solely on a police officer's false misstatements." Id. Determining whether probable cause existed, "presents a jury question, unless there is only one reasonable determination (as in the case at bar) where no charges were filed." Gardenhire v. Schubert, 205 F. 3d 303, 315; United States v. Obasa, 15 F. 3d 603-609 (6th Cir. 1994). Here, Plaintiff argues their can be no doubt that his claim for malicious-prosecution is plausible on its face.

D.  Malicious Prosecution Under Federal Law

The right to be free from malicious prosecution is clearly established. While clearly established, the right is a narrow one. Johnson v. Moseley, 790 F. 3d 649 (6th Cir. 2015). As we have previously said, "[a] police officer violates a suspect's clearly established right to freedom from malicious prosecution under the

8.

Fourth Amendment 'only when his deliberate or reckless falsehoods result in an arrest and prosecution without probable cause." Id at 655(quoting Newman v. Township of Hamburg, 773 F. 3d 769, 772 (6th Cir. 2014)). Providing false testimony (both written and oral), as alleged herein the case sub judice, could have/ did result in Lask's false arrest for OVI and malicious prosecution without probable cause. Reading the facts in the light most favorable to the Plaintiff as true, a reasonable jury could conclude that Defendants specifically officer Rule, Purdin, and Walters, and Kelley and Spencer provided untrue tesimony at the Plaintiff's Preliminary Hearing, in Police Reports, Affidavit for Search Warrant, and Indictment before the Grand Jury to indict the Plaintiff. Federal malicious prosecution "claims are in effect false arrest claims, arising out of the Fourth Amendment's prohibition on unreasonable seizures." Price v. Montgomery Cnty., 72 F. 4th 711, 719 (6th Cir. 2023)(citing Sykes v. Anderson, 625 F. 3d 294, 308-10 (6th Cir. 2010)). See also Thompson v. Clark, 596 U.S. 36, 142 S. Ct. 1332, 1337, 212 L. Ed. 2d 382 (2022)(recognizing a Fourth Amendment malicious prosecution claim may be brought for "unreasonable seaizure pursuant to legal process"). These latter claims are in effect false arrest claims, arising out of the Fourth Amendment's prohibition on unreasonable seaizures. Sykes, 625 F. 3d at 308-10. And for determining survival of § 1983 claims, we do not break them out individually. Jackson v. City of Cleveland, 925 F. 3d 793, 811 (6th Cir. 2019). To successfully bring a § 1983 malicious prosecution claim under the Fourth Amendment, a Plaintiff must plausibly allege four elements: "(1) the defendant made, influenced, or participated in the decision to prosecute the Plaintiff; (2) there was no probable cause for the prosecution; (3) as a consequence of the legal proceedings, the Plaintiff suffered a deprivation of liberty apart from the initial arrest; and (4) the criminal proceeding was resolved in the Plaintiff's favor." Thompson v. Clark, supra. Specifically, the Supreme Court recently held "that a Fourth Amendment claim under § 1983 for malicious prosecution does not require the

9.

Plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence." "A Plaintiff need only show that the criminal prosecution ended without a conviction. Id. Because Mr. Lask's false arrest for OVI was never charged or warrant issued in lieu of his arrest for OVI, Lask's false arrest and prosecution is considered ended without a conviction, so he has plausibly alleged that "the criminal proceeding was resolved in [his] favor." And Plaintiff alleges that all of "[t]he named Defendants herein operated at all times complained of herein under color of state and federal law as they conducted unreasonable searches and seizures."

The Plaintiff asserts that the initiation of the criminal action or the continuation thereof-does not fail on the second element because the "grand jury's" investigation was tainted with false material facts, misstatements, misrepresentations, outright lies, and material omissions and fabricated information which resulted in the indictment subject to violations of Franks v. Delaware resolutions where probable cause was lacking in the indictment. The Plaintiff alleges that the indictment in this case was falsely obtained because the grand jury "was not presented truthful information by and/or was blocked by Defendant's Rule, Purdin, and Walters from knowing all of the true material facts weighing heavily in Plaintiff's favor involving the allegations and fabricated evidence presented against Plaintiff."

These material facts, as the Plaintiff alleges, are the "false information Rule presented and provided in his "email" from his Kansas traffic stop found unconstitutional", and the information presented and provided for use in the "affidavit for search warrant" and "testimony before the grand jury" either by Detective Purdin and/or Deputy Walters in the State's case-in-chief; as well as false police reports and its inclusion of false statements, omissions, and fabricated information of evidence unsupported by the record. "As an grand-jury indictment creates a presumption of probable cause in malicious prosecution cases." A plaintiff can rebut this conclusive grand-jury-probable-cause presumption only by showing

10.

that the Defendants knowingly or recklessly presented false testimony (written or oral) to the grand jury. Plaintiff has alleged as much to satisfy <u>Rule 8 of the Federal of Civil Procedure</u>, a short and plain statement of the grounds of his claims showing that the pleader is entitled to relief. "As with Ohio law, an exception to this rule exists 'when the Defendants knowingly present false testimony to the grand jury'" to obtain an indictment, <u>Martin v. Maurer, 581 F. App'x 509, 511 (6th Cir. 2014)</u>, or when they "testify with reckless disregard for the truth," <u>Robertson v. Lucas, 753 F. 3d 606, 616 (6th Cir. 2014)</u>.

III. ANALYSIS

A. Dismissal Under <u>Rule 41</u>

i. Effort and Expense

The first factor of the <u>Rule 41(a)(2)</u> inquiry weighs in favor of dismissal. No completed discovery has been had in this matter, which has considerably limited the [non-movant's] Defendants effort and expense. Assuming arguendo that the Defendants will argue that Plaintiff has wasted judicial resources, and/or argues that Plaintiff willfully thwarted the judicial proceedings in this matter, or at the least, recklessly disregarded the effect his conduct would have on the proceedings. In the interest of justice, Plaintiff avers whatever arguments Defendants may assert against a dismissal without prejudice could only focus on the third factor of the Court's <u>Rule 41(a)(2)</u> inquiry. See <u>Bridgeport, 583 F. 3d at 953</u>. The Plaintiff prays that the Court will use all factors of the test, and in doing so, it concludes that a dismissal without prejudice is appropriate.

ii. Delay in Prosecution

The second factor of the <u>Rule 41(a)(2)</u> inquiry favors dismissal. Plaintiff has been very diligent in these seven (7) months and eleven (11) days towards trying to prosecute his viable claims since the filing of his suit August 27, 2024.

iii. Explanation for Dismissal

The third factor of the <u>Rule 41(a)(2)</u> inquiry favors dismissal. Plaintiff's Motion for Leave

11.

for leave to withdraw his Complaint is motivated by a depleted and lack of present and future resources in his remaining criminal sentence which will expired April 9, 2026, such as being unable to continue to afford legal copies, pre-paid postage, typing ribbons/correction ribbon tape, typing paper, as well as Plaintiff has been afforded help by another inmate (Terrance Davis #A728-302) who has a up coming release date of July 20, 2024. Plaintiff has placed this Court and the Defendants on notice (Compl. attachment No.#4, Exhibit - "B" Law Office of Barbara A. Moore, LLC, Attorney at Law) he had to file for "Bankruptcy" on April 26, 2019, assigned Case #19-bk-11528 and discharged August 27, 2019, filed in the Southern District of Ohio. The mailing address is the United States Bankruptcy Court-221 E. Fourth St., Atrium Two, Ste. 800, Cincinnati, OH 45202. Plaintiff should not have to choose between feeding himself out the "commissary" and being able to afford toiletries to care for his personal well being. Moreover, the Plaintiff avers between the two different criminal attorney's that represented him in his criminal case, costs well over forty (40) thousands dollars, which also resulted in the Plaintiff having to be forced to sale his home he lived in for approximately 27 years after his honorable discharge from the Army from 86 until 89. Plaintiff will literally be homeless upon his release, however, he will be able return to work and not only afford to possibly re-filed his complaint, but, Plaintiff will be able to hired a professional attorney as Plaintiff could not survive prosecuting his claims by himself. Plaintiff's good faith effort at this injunction could only be apparent as a valid reason for a dismissal without prejudice. See Bridgeport, 583 F. 3d at 955(affirming dismissal when the district court concluded that the "plaintiff's" cost-benefit analysis provided a resonable explanation for seeking dismissal"). Plaintiff submits he prays he has offered sufficient evidence for withdrawal without prejudice. See (Compl. attachment No. #25, Exhibit - "7" paid attorney fees to one of his retained attorneys in the amount of approx. $23,000.00).

12.

iv.     Pending Summary Judgment Not A Factor

The last factor of the Rule 41(a)(2) inquiry supports dismissal. This question is straightforward, as the Court must only consider whether Defendants have filed motions for summary judgment. See Bridgeport, 583 F. 3d at 953. Neither party has been ordered to take discovery, let alone, are prepared to file for summary judgment. Even assuming that Defendants would prejudiced by a dismissal, Defendants would suffer minimal if no prejudice in this circumstance, this factor of the Rule 41 (a)(2) inquiry is not controlling. See Rosenthal, 217 F. App'x at 502 ("[T]he existence of a pending motion for summary judgment is a factor that should be considered, but its existence does not mandate a finding of plain legal prejudice."). Because no summary judgment motions are pending in the case sub judice, at this time Plaintiff has moved to withdraw his Complaint, this factor favors dismissal.

v.     The Rule 41(a)(2) Factors Favor Dismissal Without Prejudice

All four factors in the Rule 41(a)(2) inquiry favor dismissing Plaintiff's case. Plaintiff offers sufficient evidence and good faith explanation for his motivation to dismiss the case. See Cogent, 2013 U.S. Dist. Lexis 165265, 2013 WL 6116052 at *9("While important, the explanation-for-dismissal factors does not control the anlysis of a motion to dismiss under Rule 41(a)(2).").

vi.     Statute of Limitations

Under the applicable statute of limitations. "In §1983 cases, 'state law determines which statute of limitations applies', while 'federal law determines when the statutory period begins to run'". Garza v. Lansing Sch. Dist., 972 F. 3d 853, 867 n.8 (6th Cir. 2020)(quoting Harrison v. Michigan, 722 F. 3d 768, 772-73 (6th Cir. 2013)). For §1983 claims, we borrow from the state statute of limitations applicable to personal injury actions. Banks v. City of Whitehall, 344 F. 3d 550, 553 (6th Cir. 2003(citing Wilson v. Garcia, 471 U.S. 261, 280, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)).

Ohio imposes a two-year statute of limitations for personal injury. Ohio Rev. Code §2305.10. The cause of action accrues "when the Plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." Garza, 972 F. 3d at 867 n.8(quoting Collyer v. Darling, 98 F. 3d 211,220 (6th Cir. 1996)). Because the Sixth Circuit's categorical rule (among sistering Circuits) barring a Fourth Amendment malicious-prosecution claim if **"any charge is valid."** Plaintiff previously had no basis in the law to redress his claims of malicious-prosecution and other unconstitutional acts and omissions supporting his malicious-prosecution claims, until the Supreme Court of the United States decided Chiaverini v. City of Napoleon, supra, June 20, 2024. "Under 'federal law' which determines when the statutory begins to run", Garza, 972 F. 3d at 867 n.8, at first blush, the statute of limitations for the Plaintiff begin to run June 20, 2024, and would expire on June 20, 2026. The Plaintiff filed his Complaint on August 27, 2024, which has only been pending four (4) months and seven (7) days to date of his Motion for leave to withdrawal of his Complaint without prejudice for good cause. Plaintiff's maximum end of sentence expiration date reflects an end of sentence on April 9, 2026, approximately two months and 11 days before the statute of limitations expire under Ohio's two-year statute Ohio Rev. Code §2305.10.

For this reason, the Court should find that dismissal of his case without prejudice is appropriate, and that the Defendants are not entitled to attorney fees or costs as a condition of dismissal. See Ball v. Tenn. Valley Auth., No.2:13-CV-904, 2015 U.S. Dist. Lexis 16198, 2015 WL 556437, at *5(S.D. Ohio Feb. 10, 2015) ("The award of costs and attorney fees for a Rule 41(a)(2) dismissal is discretionary.")(citing DWG Corp. v. Granada Invs., Inc., 962 F. 2d 1201, 1202 (6th Cir. 1992)). To recover under §1988, Defendants must show that Plaintiff's action was without "legal or factual basis." See Christiansburg Garment, 434 U.S. at 420. The evidence concerning Plaintiff's conduct in the instant matter, even assuming to

14.

be of questioning, has no bearing on the "legal or factual basis" of his suit. Further, this unimaginable evidence would be insufficient to show that Plaintiff filed this action for an improper purpose. Plaintiff reiterates that he has and will continue to in the near future re-file his suit and pursue his Constitional rights in this action in good faith, even if his decorum seemed or became lacking at times. A short stretch of an unimaginable act (actions) of unprofessional conduct does not nullify his lawful efforts. Accordingly, Defendants are not and should not be entitled to attorney fees under §1988.

vii.     Conclusion

For the foregoing reasons, Plaintiff's motion for leave to withdraw his Complaint (Doc.#1) should be GRANTED. And that "all video and audio evidence from Defendant Walters and Purdin's Ohio traffic stop body and dash-cam evidence recordings be preserved; Defendant's Chandler Rule's video and audio body and dash-cam recording evidence used in the Plaintiff's Suppression Hearing held on March 7, 2018 be preserved; and Preliminary Hearing Transcripts in CRA 1700562, be preserved any other legal transcribale proceedings in this case and criminal proceedings had in CR 2017 0139. Moreover, all this action DISMISSED WITHOUT PREJUDICE pursuant to Rule 41 (a)(2). And that Plaintiff's grant of the Court's Order to file an amended motion for leave to amend his Complaint and all other order's be DENIED AS MOOT.

Respectfully submitted,

*Richard Lask*
Richard Lask #A748-772
North Central Correctional Institution
P.O. Box 1812
Marion, OH 43302-1812

Plaintiff, pro se

CERTIFICATE OF SERVICE

I, Richard Lask, Plaintiff, pro se, certify under penalty perjury 28 U.S.C. § 1746, that the original copy of Plaintiff's Motion for Leave to Withdraw his Complaint Without Prejudice, has been sent by regular U.S. Mail, postage pre-paid, for Filing in the U.S. District Court, Southern District of Ohio, Office of the Clerk, Potter Stewart US Courthouse Room 103, 100 East Fifth Street, - Cincinnati, OH 45202 on this  Third  day of  January , 20 25 ; and a copy was mailed to Counsel of record for Defendants Randy Walters, Samuel D. Purdin, David Kelley, and Adams County Municipality to Matthew S. Teetor, Attorney at Law, Teetor/Westfall 200 E. Campus View Blvd., Ste. 200 Columbus, OH 43235; a copy was sent also to - Counsel of record for Defendant Brett M. Spencer to Cooper D. Bowen & Brian T. Smith, Attorney's at Law, 600 Vine St., Suite 2650, Cincinnati, OH 45202; and a copy was sent Defendant Chandler Rule, 3668 Sienna Ave., Las Cruces, NM 88012.

Respectfully submitted,

*Richard Lask*
Richard Lask #A748-772
North Central Correctional Institut-ution
P.O. Box 1812
Marion , OH. 43302-1812

Plaintiff, pro se

16.